UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re                                                                  Chapter 11

       2271 Associates, Inc., <u>et</u>. <u>al</u>.

                                                                          Case Nos.: 11-23351
                                                                           through 11-23358 (RDD)

                                              Debtor.
------------------------------------------------------------x

## ORDER DIRECTING THE PRODUCTION OF DOCUMENTS

## <u>PURSUANT TO BANKRUPTCY RULE 2004</u>

Upon the Motion of Bronx VIII, LLC for Production of Documents pursuant to Bankruptcy Rule 2004, by notice of presentment dated August 19, 2011 (the "Motion"); and counsel for Bronx VIII, LLC having represented that, after due and sufficient notice, there have been no objections to the Motion; and good and sufficient cause appearing, it is hereby

ORDERED that the Motion is granted as provided herein; and it is further

ORDERED that the above debtors and debtors in possession (the "Debtors"), by an officer having knowledge of the facts, are directed to produce the documents specified on Schedule "A" attached hereto, to the extent that they relate to the acts, conduct, or property or to the liabilities and financial condition of any of the Debtors, or to any matter which may affect the administration of the Debtors' estates, or to the Debtors' right to a discharge, on or before September 22, 2011 at the offices of Sherman, Citron & Karasik, P.C., 70 East 55th Street, Concourse Level, New York, New York 10022-3222; and it is further

ORDERED that this Order shall stand as a subpoena to the Debtors and shall be served by Overnight Mail on or before September 6, 2011, at the address of Debtors' counsel specified

in the Debtors' bankruptcy schedules.

          /s/Robert D. Drain
          HONORABLE ROBERT D. DRAIN
          UNITED STATES BANKRUPTCY JUDGE

Dated: White Plains, New York
       September 2, 2011

Exhibit A

## Schedule "A"

## DEFINITIONS

Unless otherwise stated herein, the terms set forth below are defined as follows:

1. The term "communication" means every manner of transmitting and receiving facts, information opinions and thoughts, whether orally, by document, electronic mail, writing or copy thereof, in conferences, or otherwise.

2. The term "document" means any written, printed, recorded or graphic matter, however and by whomever prepared, disseminated or made, produced or reproduced, and all copies and drafts thereof including, but not limited to any lease, sublease, all correspondence, telexes, and written communications, notes, jottings, memoranda, telegrams, records, reports, computer printouts, customer lists, calculations, worksheets, written agreements, diaries, summaries, tape recordings or transcripts of conversations or meetings, statistics, studies, notes, letters, telegrams, messages (including but not limited to reports of telephone conversations and conferences), studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, minutes or other communications (including but not limited to inter-office and intra-office communications), questionnaires, surveys, contracts, memoranda or agreements, assignments, books of accounts, orders, working papers, records of summaries of negotiations, closing statements, voice recordings, records of summaries or personal interviews or conversations, appointment calendars, diaries, schedules, passports, printouts, drawings, specifications, patents, patent applications, certificates or registration, applications for registrations, graphs, charts, studies, planning materials, statistical statements, bills, checks, bankbooks, bank statements, forms, vouchers, notebooks, date sheets, microfilm, microfiche, photograms, microscopically obtained photographs, test results, belts, tapes, magnetic tapes, paper tapes, plotter output recordings, discs, date cards, data processing files and other computer readable records or programs, and all other written, printed or recorded matter of any kind, and all other data compilation from which information can be obtained, and translated, if necessary, and all original, drafts and copies thereof. Any such document bearing on any sheet or side thereof, any marks, such as (but not limited to), initials, stamped indicia,

comments or notations, or any character, and not part of the original text or photographic reproduction thereof is to be considered and identified as a separate document.

3. The term "Person" is refined as any individual, firm or entity, including, without limitations, sole proprietorships, associations, companies, partnerships, join ventures, corporations, trusts, estates or any governmental body, agency, entity or official.

4. References to the plural shall include the singular, and references to the singular shall include the plural.

5. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the copies of the disclosure request all documents that might otherwise be construed as outside the scope.

6. The term "Debtor" shall refer to each of the Debtors referenced in the caption of this subpoena.

7. The term "F&M" shall refer to F&M Funding LLC.

8. The term "Palazzolo" shall refer to Frank Palazzolo, principal of F&M.

9. The term "Affiliates" refers to affiliates as defined in Section 101(2) of Title 11 of the United States Code (The "Bankruptcy Code").

10. The term "Insider" refers to insiders as the term is defined under Section 101(31) of the Bankruptcy Code.

11. The term "Agents" shall mean any and all employees, attorneys or representatives of the entity.

12. Other definitions are set forth in the Document Demand and are incorporated herein by reference.

13. The term "Relevant Period" shall mean the period November 1, 2007 through and including the present.

14. All capitalized terms used herein that are not defined herein shall have the meaning ascribed in the Document Demand.

15. The term "Transferors" refers to any person or entity, including, without limitation, Mark Sarfati, who transferred or sold shares of stock in Debtors to any Insider.

## INSTRUCTIONS

A. If you claim any form of protection or privilege, whether based on statute or otherwise, as a ground for not producing in full or part the documents which are responsive to these request, set forth in complete detail all facts upon which the claim of privilege is based.

1. If you claim any form of protection or privilege, whether based on statute or otherwise, as a ground for not producing a document, state the following with respect to each document:

(a) the date of the document;
(b) a description of the subject matter of the document or oral communication sufficient to identify it;
(c) the name(s) the present or last known home and business address(es) and the telephone numbers of each party who transmitted, prepared, received, or viewed or has had possession, custody or control of the communications contained in or memorialized by the document; and
(d) a state of the basis upon which the privilege is claimed.

2. If any document or copy thereof was, but is no longer in your possession or subject to your control, state what disposition was made of the document and the present location of the document.

3. If any document or copy thereof was never in your possession or subject to your control, so state.

4. This request shall be deemed to be continuing, and any additional documents that are different from that delivered in your initial production or documents, which you acquire after the dates of responding to these request, shall be furnished promptly, after such document is acquired, to: Sherman Citron & Karasik, PC, 70 East 55th Street, New York, NY 10022. In the event that any document requested has been destroyed or otherwise disposed of,

that document is to be identified by author, addressee, each person who received, indicated or blind copies, dated, subject matter, number of pages, attachments or appendices, all persons to whom distributed, shown or explained, date of destruction or other disposition, person authorizing destruction or other disposition, and persons destroying or disposing of the document.

**Request for Production of Documents**

1. Any and all communications between any of the Insiders of the Debtors and F&M and/or Palazzolo, and/or Transferors, or their agents during the Relevant Period.

2. Any and all communications between F&M and/or Palazzolo, and/or Transferors, or their agents and creditors of the Insiders and/or the Debtors during the Relevant Period.

3. Any and all communications between F&M and/or Palazzolo, and/or Transferors, and their agents and employees of the Debtors during the Relevant Period.

4. Any and all communications between F&M and/or Palazzolo, and/or Transferors, or their agents and any and all representatives of the Insiders during the Relevant Period.

5. Any and all documents evidencing or referring to any communications during the Relevant Period between F&M and/or Palazzolo, and/or Transferors, on the one hand and any Insider or creditors of Debtors, on the other hand, regarding (i) the formation of the Debtors; (ii) the transaction of business by the Debtors, and/or (iii) the transfer of any assets, property, or shares of stock in the Debtors from F&M and/or Palazzolo, and/or Transferors, to Insiders.

6. Any and all documents evidencing or referring to any and all financial transactions occurring with respect to F&M and/or Palazzolo, and/or Transferors, and the Debtors or Insiders during the Relevant Period.

7. Any and all documents evidencing or referring to any and all financial transactions occurring with respect to F&M and/or Palazzolo, and/or Transferors, and the Debtors or Insiders during the Relevant Period.

8. Any and all documents evidencing or referring to any and all financial transactions between F&M and/or Palazzolo, and/or Transferors, and the Debtors or Insiders during the Relevant Period.

9. Any and all tax returns prepared with respect to the Debtors during the Relevant Period.

10. Any and all tax returns prepared with respect to the Insiders which relate to the Debtors during the Relevant Period.

11. Any and all retainer agreements, correspondence regarding retention, payment, services, evidence of communication with respect to the Debtors and its agents and any third party during the Relevant Period.

12. Any and all documents evidencing, referring or relating to any transactions between Insiders and F&M and/or Palazzolo, and/or Transferors, during the Relevant Period.

13. Any and all documents evidencing, referring or relating to any transactions between the Insiders of the Debtors and any "party in interest" as that term is defined in the Bankruptcy Code and Debtors during the Relevant Period.

14. Any and all documents or communications evidencing, referring or relating to any receipts and/or disbursements of the Debtors during the Relevant Period.

15. Any and all documents or communications evidencing, referring or relating to any source of funds obtained by the Debtors during the Relevant Period.

16. Any and all documents evidencing any business transactions between the Debtors and any of its Tenants or Mortgagees during the Relevant Period.

17. Any and all documents evidencing the formation of the Debtors, and transfer of ownership of Debtors.

18. Any and all documents evidencing the capitalization of the Debtors during the Relevant Period.

19. Any and all telephone records of the Debtors covering the Relevant Period.

20. Any and all of Debtors' bank statements during the Relevant Period.

21. Any and all documents reflecting inter-Debtor transfers of property or assets during the Relevant Period.

22. Any and all documents relating to Debtors' indebtedness to F&M.

23. The foregoing document production request includes, without being limited to, these following documents: closing statements of both sales to debtors and loans to debtors including notes, guarantees, purchase and sale contracts (and all drafts thereof), pre-closing document lists, financial schedules and summaries, list of checks given and received in

connection with the sale(s) of real property to any debtor, any documents relating to any of the Debtors stock certificates, certification of incorporation, By-laws, including any such certificate or endorsement thereon shareholder's agreements, option, proxy, power-of-attorney, director's and shareholder meeting minutes or record of shareholder's meeting or directors' meeting, or secretary's certification, directors' resolution or resignation.

Dated: New York, New York
   August_____, 2011

               Sherman, Citron & Karasik, P.C.
               *Attorneys for Bronx VIII, LLC*


               By:_____
                 Howard Karasik, Esq.
               70 East 55th Street
               New York, New York 10022
               Tel: (212) 455-0450