EXHIBIT "A"

EXHIBIT "A"

775 F;

AT an IAS Part of the Supreme Court of the State of New York, held in and for the County of Bronx, at the Courthouse thereof at 851 Grand Concourse, Bronx, New York on the ___ 25 ___ day of
_Novembur_ , 2009.

PRESENT:

HON. **ALAN J. SAKS**
J U S T I C E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

NEW YORK COMMUNITY BANK

Plaintiff,

- against -

2345 ASSOCIATES, INC.; 2350 ASSOCIATES, INC.; 3212 ASSOCIATES, INC.; PIPE DREAMS REALTY V CORP. N/K/A 1221-1225 REALTY LLC; 227 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP.; 735 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP.; PIPE DREAMS REALTY II CORP.; PIPE DREAMS REALTY IV CORP.; YESMEN PABON; NEW YORK CITY, Department of Transportation, Parking Violations Bureau; THE CITY OF NEW YORK (Environmental Control Board); NEW YORK CITY TRANSIT AUTHORITY, TRANSIT ADJUDICATION BUREAU, THE CITY OF NEW YORK (Department of Finance); THE CITY OF NEW YORK (Department of Housing Preservation and Development); THE CITY OF NEW YORK (Department of Highways); THE PEOPLE OF THE STATE OF NEW YORK - COMMISSIONER OF TAXATION AND FINANCE; UNITED STATES OF AMERICA (GENERAL SERVICES ADMINISTRATION and DEPARTMENT OF JUSTICE);
"JOHN DOE #1"; "JOHN DOE #2";
"JOHN DOE #3"; "JOHN DOE #4";
"JOHN DOE #5"; "JOHN DOE #6";
"JOHN DOE #7"; "JOHN DOE #8";
"JOHN DOE #9"; "JOHN DOE #10";
the names of the last ten defendants being fictitious and unknown to plaintiff, plaintiff intending to designate thereby persons or parties having or claiming to have an interest in or lien upon the described premises;

Defendants.

ORDER APPOINTING RECEIVER

Index No.: 308448/09

Premises

1) 2271 Morris Ave
BL 3182/LOT 35

2) 735 BRYANT AVE
BL 2763/LOT 255

3) 2345 CROTONA AVE
BL 3103 / LOT 40

4) 3212 CRUGER AVE
BL 4587/LOT 11

5) 2350 CRESTON AVE
BL 3164/LOT 37

6) 2265 MORRIS AVE
BL 3183/LOT 37

7) 1221 SHERIDAN AVE
BL 2457/LOT 29

8) 1225 SHERIDAN AVE
BL 2457/LOT 26

UPON the summons and verified complaint, duly filed in the Office of the Clerk of Bronx County on October 16, 2009 and upon the six (6) separate notices of pendency duly filed in the Office of the Clerk of Bronx County, on October 26, 2009, and upon reading and filing the annexed affidavit of Christopher H. Palmer, Esq., sworn to October 26, 2009, and the affidavit of Christopher Beck, sworn to October 26, 2009, and sufficient reason appearing therefor,

NOW, upon application of CULLEN AND DYKMAN LLP, attorneys for plaintiff, it is

ORDERED, that ALBERT SONTAG of 2007 Eastchester Road, Bronx, New York (phone # 718 652-2700) (the "Receiver") be and hereby is appointed Receiver of all the equipment, personal property and assets of the defendants located at the premises described in the complaint in this action, which premises are described as set forth in Schedule "A" annexed hereto and incorporated herein (the "Premises"), and of all the rents, income, issues, charges, subsidies and profits now due or which may hereafter accrue and/or come due, from whatever source derived, during the pendency of this action, from the Premises; and it is further

ORDERED, that the said Receiver, prior to engaging in any action that may result in expenses being incurred, be and he/she hereby is directed to contact the plaintiff's attorney, Cullen and Dykman LLP, to ascertain the status of the foreclosure action and whether he/she should proceed with his/her duties; and it is further

ORDERED, that before entering upon the duties of such receivership, the Receiver execute to the People of the State of New York and file in the Office of the Clerk of the County of BRONX a bond in the sum of $ 5,000. 00 conditioned for the faithful

- 2 -

performance of such Receiver's duties; and it is further *Ordered that the plaintiffs shall pay for the premium on the bond, and it is further*

ORDERED, that all the tenants in possession of the Premises and such other person or persons as may be in possession and/or occupancy thereof and such other person or persons who lease, occupy, use or pay for and/or subsidize any portion of the Premises, are hereby ordered and directed to attorn as such tenant or tenants or occupants to the Receiver, and until the further order of this Court, to pay over to such Receiver all rent of the Premises now due and unpaid, or that may hereafter become due and all other charges and/or subsidies in connection with the Premises; and it is further,

ORDERED, that all tenants and occupants of the Premises and other persons liable for such rents, changes and/or subsidies are hereby enjoined and restrained from paying such rent, charges and/or subsidies for the Premises to the defendants, 2345 ASSOCIATES, INC., 2350 ASSOCIATES, INC., 3212 ASSOCIATES, INC., PIPE DREAMS REALTY V CORP. N/K/A 1221-1225 REALTY LLC, 2271 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP., 735 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP., PIPE DREAMS REALTY II CORP. and PIPE DREAMS REALTY IV CORP., its agents, servants, employees, attorneys, managing agents and/or to any other person, other than the Receiver and/or the Receiver's agent; and it is further

ORDERED, that all the persons now or hereafter in possession of the Premises, or any part thereof, and not holding such possession under valid and existing leases do forthwith surrender such possession to the Receiver; and it is further

ORDERED, that the Receiver is hereby authorized to hire a managing agent to assist the Receiver in the collection of all such rents, income, issues, charges, subsidies and profits and

(b) the management and day-to-day operation of the Premises, and that the Receiver's managing agent shall be entitled to the usual, customary and commercially reasonable fees for such services not to exceed (except upon express written order of this Court) five percent (5%) of all such rents, income, issues, charges, subsidies and profits collected by the Receiver; and it is further

ORDERED, that the Receiver is hereby authorized to retain counsel in connection with representation of the Receiver in the Receiver's duties and that such counsels fees and expenses shall be subject to the review and approval of this Court unless otherwise agreed to in writing by the Receiver, plaintiff and the defendants, 2345 ASSOCIATES, INC., 2350 ASSOCIATES, INC., 3212 ASSOCIATES, INC., PIPE DREAMS REALTY V CORP. N/K/A 1221-1225 REALTY LLC, 2271 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP., 725 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP., PIPE DREAMS REALTY II CORP. and PIPE DREAMS REALTY IV CORP.; and it is further

ORDERED, that the Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary for the protection of the Premises, including such proceedings as may be necessary to recover possession of the whole or any part of the Premises, and to institute and prosecute suits for the collection of rents, income, profits, charges and/or subsidies now due and hereafter to become due of the Premises, or any part thereof; and to institute and prosecute summary proceedings or other proceedings for the removal of any tenant or tenants, squatters or other persons therefrom; and it is further

ORDERED, that the Receiver be and hereby is authorized to operate, carry on and manage the Premises, and may purchase, procure and obtain such supplies necessary for the operation of the Premises, and may take from the receipts from the Premises, the wages and

necessary operating expenses of the Premises; and it is further

ORDERED, that the Receiver is hereby authorized, pursuant to CPLR 5228(a), to rent the Premises for terms up to two (2) years; to keep the Premises insured against loss or damage by fire, earthquake, flood and all other physical damage and make any repairs to the Premises as may reasonably be necessary to keep and maintain the Premises in repair; to cure any outstanding violations against the Premises; to pay insurance premiums, including premiums for liability and compensation insurance, taxes, fuel, assessments and water rates and sewer charges upon the Premises; and to properly fulfill the Receiver's duties as such Receiver; and it is further

ORDERED, that during the pendency of this action, the defendants, 2345 ASSOCIATES, INC., 2350 ASSOCIATES, INC., 3212 ASSOCIATES, INC., PIPE DREAMS REALTY V CORP. N/K/A 1221-1225 REALTY LLC, 2271 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP., 725 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP., PIPE DREAMS REALTY II CORP. and PIPE DREAMS REALTY IV CORP., its agents, servants, employees, managing agents and attorneys and any and all other persons, other than the Receiver and the Receiver's agents, be and the same hereby are enjoined and restrained from collecting all rents, income, issues, and/or charges, subsidies and profits now due or which may hereafter accrue or come due, from whatever source derived, of the Premises, and from interfering in any manner with the Premises or its operation and/or possession; and it is further

ORDERED, that the defendants, 2345 ASSOCIATES, INC., 2350 ASSOCIATES, INC., 3212 ASSOCIATES, INC., PIPE DREAMS REALTY V CORP. N/K/A 1221-1225 REALTY LLC, 2271 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP., 725

ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP., PIPE DREAMS REALTY II CORP., and PIPE DREAMS REALTY IV CORP., its agents, servants, employees, managing agents and attorneys and any and all other persons, other than the Receiver and the Receiver's agents, are directed and ordered to forthwith deliver to the Receiver (a) all security deposits for the Premises, (b) all existing leases, rent schedules, rent rolls, and a list of all tenants and occupants including their names, apartment numbers, monthly rental amount, amount of security deposit, social security numbers and an itemized list of all rent arrears due from any and all tenants and/or occupants of the Premises; (c) all keys, access codes and/or access cards to the Premises, (d) all utility and service contracts for the Premises, including without limitation any and all contracts for the electric, gas, cable and telephone services and any other utilities, waste removal, superintendents, porters, management and/or repair and upkeep of the Premises; (e) all contracts for delivery of income and rent with respect to the Premises and/or tenants and/or occupants thereof; (f) copies of all DHCR filings for the Premises for the past five (5) years; (g) all insurance policies with respect to the Premises including without limitation insurance policies for liability and property coverage; and (h) all other documentation and information necessary to the proper operation and maintenance of the Premises; and it is further

ORDERED, that the Receiver and the Receiver's managing agent and counsel not incur any expenses (other than (a) the cost of the bond set forth above on page 2 of this Order, (b) the cost of any insurance required for the Premises and (c) the cost of any fuel, utilities, real estate taxes, assessments, water rates and sewer charges of the Premises), above and beyond the amount of rents, income, charges and profits collected by the Receiver, without the express written consent either of plaintiff or of this Court; and it is further

- 6 -

ORDERED, that the Receiver appointed herein shall continue in his/her duties as such until the receivership is terminated by court order; and it is further

ORDERED, that the Receiver shall deposit all moneys received by the Receiver in the Receiver's own name, as Receiver, in ___Sovereign Bank_____

_____ New York

and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Receiver, and countersigned by the surety on his bond. Said depository shall send a monthly statement of the deposits in and withdrawals from said account to the Receiver and duplicate copies thereof to plaintiff's attorneys.

NOTWITHSTANDING ANY OTHER PROVISION OF THIS ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT ANY ATTORNEY, APPRAISER, ACCOUNTANT, AGENT OR AUCTIONEER WITHOUT PRIOR AUTHORIZATION OF THE COURT. and it is Further

E N T E R,

_____
J. S. C.

Ordered that the plaintiff shall either procure and pay for or reimburse the Receiver for the cost of liability insurance premiums on behalf of the ~~Receiver at each of the subject buildings~~ providing not less than one million dollars coverage for each

- 8 -

J. S. C. facility

ORDERED, that out of the money received and collected by the Receiver, after deducting such moneys as are absolutely necessary to keep the Premises in repair pursuant to CPLR 5228(a), the Receiver shall first pay the cost of the Receiver's said bond and then insurance premiums, fuel, utilities, real estate taxes, assessments and water rates and sewer charges on the Premises; and thereafter, the Receiver shall set aside sufficient sums as the Receiver reasonably determines shall be sufficient to cover all of the costs and expenses of the receivership (including the receiver's fees and commissions and the reasonable fees and expenses of the Receiver's managing agent and the Receiver's counsel) and shall retain such sums in the Receiver's account; that after properly setting aside for such fees and expenses, the Receiver shall pay over to plaintiff, at least quarterly, such additional sums as the Receiver may have collected above and beyond the foregoing amounts; that plaintiff shall apply any such amounts paid over to plaintiff to the amounts due and owing on the subject mortgage and that the receipt and application of any of such sums by plaintiff shall be not be deemed to be a waiver by plaintiff of acceleration of the mortgaged indebtedness; that after any such payment(s) to plaintiff, the funds remaining in the Receiver's account shall be retained by the Receiver for the purposes herein set forth or until the further order of this Court; and it is further

ORDERED, that the Receiver or any party thereto, may at any time, on the proper notice to all parties who have appeared in this action, apply to this Court for further or other instructions and powers necessary to enable the Receiver to fulfill the Receiver's duties; and it is further

ORDERED, that the appointee named herein shall comply with CPLR Sections 6401-6404, RPAPL Section 1325, Section 35-a of the Judiciary Law and Rule 36 of the Chief Judge; and it is further Ordered that plaintiff shall advance such funds sufficient for the Receiver to purchase and pay for fuel necessary to furnish heat and hot water as required by law and to make necessary repairs to the premises

- 7 -

Ordered that the Receiver
MUST submit an Order for the appoint
of a property Manager and to appoint
a Counsel to the Receiver, if the
forementioned secondary appointments
are Required, and it is further

and it is further ORDERED that the Receivers
Guardians shall NOT make any secondary
appointments without the prior written
approval of the Court, and that the Receiver/
Guardian shall comply with Part 36 of the
Rules of the Chief Judge.

J.S.C.

J.S.C.



At IAS Part __5__ of the Supreme Court
of the State of New York, held in and for
the County of Bronx, at the Courthouse
located at 851 Grand Concourse, Bronx,
NY, on the __27__ day of ~~March~~ 2010.
                              *APRIL*

PRESENT: Hon. Betty Owen Stinson, Justice.

------------------------------------------------------------------X

NEW YORK COMMUNITY BANK,                    Index No. 308448/09

           Plaintiff,                       Assigned to:
                                            Justice Stinson
    - against -

2345 ASSOCIATES, INC. et al.,               ORDER AMENDING
                                            ORDER
           Defendants.                      APPOINTING RECEIVER

------------------------------------------------------------------X

    Upon the application of Albert Sontag, appointed the temporary receiver of the

premises which are the subject of the captioned action by Order dated November 23,

2009 ("the Order of Appointment"), it is:

    ORDERED, that the Order of Appointment is amended to the extent that the

second decretal paragraph appearing on page 8 of the Order of Appointment is deleted

in its entirety and replaced by the following:

    "ORDERED, that the Receiver shall deposit all monies received by the

    Receiver in the Receiver's own name in Capital One Bank, New York, and

    no withdrawals shall be made therefrom except as directed by the Court or

    on a draft or check signed by the Receiver, and countersigned by the

    surety on his bond. Said depository shall send a monthly statement of the

deposits in and withdrawals from said account to the Receiver and duplicate copies thereof to plaintiff's attorneys."

And it is further,

ORDERED, that except as amended pursuant to this Order, all other terms and conditions of the Order of Appointment shall remain in full force and effect.

BETTY OWEN STINSON
JUSTICE
J.S.C.

EXHIBIT "B"

EXHIBIT "B"

At an IA Part _10_ of the New
Supreme Court held in Bronx County at the
Bronx County Building in the City of New
York on ~~December~~ 14, 2009
Present
Hon. ALAN J. SAKS
JUSTICE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NEW YORK COMMUNITY BANK,

                                 Plaintiff,

        - against -

2345 ASSOCIATES, INC. et al.,

                             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 308448/09

Assigned to:
Justice Saks (Part 10)

**STIPULATION AND
ORDER PERMITTING
RECEIVER TO RETAIN
COUNSEL AND
APPOINT A MANAGING
AGENT**

WHEREAS, by order granted on November 23, 2009, the Court appointed Albert Sontag ("Receiver") as temporary receiver of the rents and profits of the premises being foreclosed herein, 2271 Morris Avenue, 735 Bryant Avenue, 2345 Crotona Avenue, 3212 Cruger Avenue, 2350 Creston Avenue, 2265 Morris Avenue, 1221 Sheridan Avenue, and 1225 Sheridan Avenue, Bronx, New York (collectively the "Premises"); and

WHEREAS, the Receiver having duly qualified to act by filing his oath and having also obtained and filed with the Clerk of this Court an undertaking in the sum of $775,000; and

WHEREAS, the problems and issues concerning the Premises facing the Receiver require the particular experience and expertise possessed by the proposed appointees as receiver's counsel and property manager;

PLAINTIFF AND THE RECEIVER HEREBY STIPULATE AND AGREE AS FOLLOWS:

Subject to the order of the Court, pursuant to 22 NYCRR §§36.1 and 36.2, the Receiver is hereby authorized and permitted to retain Kantor, Davidoff, Wolfe, Mandelker, Twomey & Gallanty, P.C., by Gary Hoppe, Esq., as a non-list appointee, 51 East 42nd Street, New York, NY 10017 (212-682-8383), as attorney for the Receiver except for residential landlord-tenant proceedings and to compensate said attorney for the reasonable value of all legal services rendered and reasonable and necessary expenses pursuant to the further order of this Court; and

Subject to the order of the Court, pursuant to 22 NYCRR §§36.1 and 36.2, the Receiver is hereby authorized to apply on an ex-parte basis at the foot of this order to retain counsel to represent him in connection with residential landlord-tenant proceedings; and

Subject to the order of the Court, pursuant to 22 NYCRR §§ 36.1 and 36.2(a), the Receiver is hereby authorized and permitted to appoint Raphael Soloff of All City Realty Corp., 2562 Briggs Avenue, Bronx, New York 10458 (718-367-6070), as a non-list appointee as his managing agent of the Premises; and

Compensation for the managing agent's reasonable and necessary services shall be determined by the Court solely out of the rents and profits of the Premises upon submission of a notice of appointment and affidavit of services provided, accompanied with a proposed order for the payment of fees; and

2

If the rents and profits of the Premises shall be insufficient to compensate the managing agent, he shall perform no further services without the further order of the Court; and

This stipulation may be signed in counterparts, all of which, when taken together shall be deemed to be a single original. Signatures transmitted by facsimile or e-mail shall be deemed to be original.

Dated:   December 8, 2009
       Bronx, New York

CULLEN AND DYKMAN LLP
Attorney for Plaintiff

By:_____
    Christopher H. Palmer, Esq.

ALBERT SONTAG
Temporary Receiver

So ordered: this ___ day of December, 2009.

ALAN J. SAKS

3

If the rents and profits of the Premises shall be insufficient to compensate the managing agent, he shall perform no further services without the further order of the Court: and

This stipulation may be signed in counterparts, all of which, when taken together shall be deemed to be a single original. Signatures transmitted by facsimile or e-mail shall be deemed to be original.

Dated: December 8, 2009
Bronx, New York

CULLEN AND DYKMAN LLP
Attorney for Plaintiff

By: _____
Christopher H. Palmer, Esq.

ALBERT SONTAG
Temporary Receiver

So ordered: this 14 day of December, 2009.

_____
Alan J. Saks J.S.C.

# EXHIBIT "C"

# EXHIBIT "C"



**Department of
Housing Preservation
& Development**
nyc.gov/hpd

RAFAEL E. CESTERO
Commissioner
DOUGLAS APPLE
First Deputy Commissioner
VITO MUSTACIUOLO
Deputy Commissioner
WILLIAM S. CARBINE
Assistant Commissioner

Office of Enforcement and
Neighborhood Services
Division of Neighborhood
Preservation
Bronx Borough Office
151 East Tremont Avenue, 2nd Floor
Bronx, NY 10453

June 22, 2010

Mr. Albert Sontag
Pipe Dreams Realty II Corp
2562 Briggs Avenue
Bronx New York 10458

Dear Mr. Sontag:

**RE: 2265 Morris Avenue     BLOCK: 3182     LOT:  37**

On May 11, 2010, you entered into a Voluntary Repair Agreement (VRA) with the Department of
Housing Preservation and Development's Division of Neighborhood Preservation (DNP). At that
time, you agreed to correct 80% or more of the outstanding violations on record by August 11,
2010.

A final inspection was conducted by DNP technical staff on June 21, 2010; at that time a total of
64% of the violations were found corrected. We wish to extend our congratulations to you for
the successful completion of the VRA.

Should you wish to contact us for an additional inspection or would further information of the
resources available through the Bronx DNP office, please contact Mildred Velez for assistance.

Sincerely,

Michael C. Lugo
Director

Printed on paper containing 30% post-consumer material.



**Department of Housing Preservation & Development**
nyc.gov/hpd

RAFAEL E. CESTERO
Commissioner
DOUGLAS APPLE
First Deputy Commissioner
VITO MUSTACIUOLO
Deputy Commissioner
WILLIAM S. CARBINE
Assistant Commissioner

Office of Enforcement and
Neighborhood Services
Division of Neighborhood
Preservation
Bronx Borough Office
151 East Tremont Avenue, 2nd Floor
Bronx, NY 10453

September 3, 2010

Mr. Albert Sontag
c/o 2271 Morris Avenue
2562 Briggs Avenue
Bronx New York 10458

Dear Mr. Sontag:

**RE: 2271 Morris Avenue     BLOCK: 3182     LOT: 5**

On August 4, 2010, you entered into a Voluntary Repair Agreement (VRA) with the Department of Housing Preservation and Development's Division of Neighborhood Preservation (DNP). At that time, you agreed to correct 80% or more of the outstanding violations on record by December 4, 2010.

A final inspection was conducted by DNP technical staff on September 1, 2010; at that time a total of 98% of the violations were found corrected. We wish to extend our congratulations to you for the successful completion of the VRA.

Should you wish to contact us for an additional inspection or would further information of the resources available through the Bronx DNP office, please contact Mildred Velez for assistance.

Sincerely,

Michael C. Lugo
Director

Printed on paper containing 30% post-consumer material.

EXHIBIT "D"

EXHIBIT "D"



**Department of
Housing Preservation
& Development**
nyc.gov/hpd

RAFAEL E. CESTERO
Commissioner
HOLLY M. LEICHT
Deputy Commissioner
RUTHANNE VISNAUSKAS
Associate Commissioner

Office of Development
Preservation Finance
100 Gold Street
New York, N.Y. 10038

January 12, 2011

Albert Sontag
Receiver – 2345 Associates
2307 Eastchester Road
Bronx, NY 10469

RE: Inspection of 1221-25 Sheridan Avenue, 735 Bryant Avenue, 2345 Crotona Avenue, 2350 Creston Avenue, 2265 Morris Avenue, 2271 Morris Avenue, and 3212 Cruger Avenue, Bronx, NY

Dear Mr. Sontag:

I am writing to request that you provide access to the above referenced properties. The New York City Department of Housing Preservation and Development (NYC HPD), the New York City Housing Development Corporation (NYC HDC) and the Mutual Housing Association of New York (MHANY) are exploring the potential acquisition of the mortgage and note on these properties and would like to conduct further due diligence in preparing a scope of work for rehabilitation and preservation.

Thank you for your cooperation and please feel free to call me if you have any questions at 2112-863-5637.

Sincerely,

RuthAnne Visnauskas
Associate Commissioner

cc: Chris Beck, Commercial Lending Officer, New York Community Bank
Ismene Spetiotis, Executive Director, MHANY
Matthew Wambua, Executive Vice President, NYC HDC

Printed on paper containing 30% post-consumer material.

EXHIBIT "E"

EXHIBIT "E"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------------- X
NEW YORK COMMUNITY BANK,

                       Plaintiff,

           - against -

2345 ASSOCIATES, INC.; 2350 ASSOCIATES, INC.;
3212 ASSOCIATES, INC.; PIPE DREAMS REALTY V
CORP. N/K/A 1221-1225 REALTY LLC;.2271
ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV
CORP.; 735 ASSOCIATES, INC. F/K/A PALAZZOLO
HOLDING V CORP.; PIPE DREAMS REALTY II CORP.;
PIPE DREAMS REALTY IV CORP.; YESMEN PABON;
NEW YORK CITY, Department of Transportation,
Parking Violations Bureau; THE CITY OF NEW YORK
(Environmental Control Board); NEW YORK CITY
TRANSIT AUTHORITY, TRANSIT ADJUDICATION
BUREAU; THE CITY OF NEW YORK (Department of
Finance); THE CITY OF NEW YORK (Department of
Housing Preservation and Development); THE CITY
OF NEW YORK (Department of Highways); THE
PEOPLE OF THE STATE OF NEW YORK –
COMMISSIONER OF TAXATION AND FINANCE,

                      Defendants.

-------------------------------------------------------------------------------- X

Index No. 308448/09

Assigned to:
Justice Stinson
IAS Part 8

**AFFIDAVIT
BY RECEIVER
IN RESPONSE
TO ORDER
TO SHOW
CAUSE**

STATE OF NEW YORK )
              )ss.:
COUNTY OF BRONX  )

     Albert Sontag, being duly sworn, deposes and says:

     1.    I am the court-appointed receiver for the properties which are the subject

of this action ("the Subject Properties") and as such have personal knowledge of the

facts stated herein.

2.      I submit this Affidavit in opposition to the Order to Show Cause application dated March 21, 2011 of the various tenants as set forth therein ("Proposed Intervenors").

3.      On November 23, 2009, Judge Alan J. Saks, J.S.C. issued an Order appointing me to act as receiver in this action ("the Receivership Order") (Exhibit "A").

4.      Pursuant to the Receivership Order, on December 15, 2009, I signed a Notice to Attorn, a true copy of which is annexed hereto at Exhibit B.

5.      That Notice to Attorn was served on all tenants at the Subject Premises on December 16, 2009 by personally delivering same to each tenant on the Subject Properties, including Proposed Intervenors.

## HPD VIOLATIONS

6.      Proposed Intervenors' suggestion that there has been a lack of progress in clearing HPD violations is disingenuous.

7.      The earliest HPD reports in my possession are from April 2010. Attached at Exhibit B is a table comparing the number of open violations from April 2010 to March 2011, based on HPD reports in my possession.[1] Despite Proposed Intervenors' suggestions to the contrary, as shown in the table annexed hereto at Exhibit C, since my appointment, I cleared over 1,850 New York City Department of Housing Preservation and Development ("HPD") violations from the Subject Properties, and am continuing to clear HPD violations as expeditiously as possible.

8.      As shown therein, until the recent developments, the total number of violations has decreased by over 60 % and C violations decreased by 57 %.

---

[1] It is my understanding that coincidentally, just in the last several days, there has been an accelerated effort at imposing numerous new HPD violations against the Subject Properties.

9.      I removed over half of all violations against most of the Proposed Intervenors' properties and nearly all violations on other portions of the Subject Properties.

10.     HPD was well aware of, and was very pleased with the progress we were making to cure violations. Indeed, as repairs were being made on all buildings, violations were being cleared under a Voluntary Repair Agreement with HPD.

11.     In fact, annexed hereto at Exhibit D are copies of letters from HPD dated June 22, 2010 and September 3, 2010 commending me on the progress that my managing agent and I have made in clearing so many violations against these buildings.

## ADVANCES FOR REPAIRS

12.     Plaintiff New York Community Bank ("NYCB") has in fact advanced over $720,000.00 through February 28, 2011 for repairs and operations and when requested, NYCB has always advanced funds for any and all necessary repairs.

13.     There was never a specific request made to NYCB to advance payment specifically for fuel, as fuel has been consistently provided at all premises and paid for out of the normal course of the receivership.

14.     Specifically, from December 1, 2000 to February 28, 2011, I expended monies for repairs on and operation of the Subject Properties as shown in the table annexed hereto at Exhibit E.

15.     Having preserved the value of the assets that were entrusted to me, including having cleared so many violations, there is no doubt that I am qualified to act in the capacity of a receiver pursuant to 22 N.Y.C.R.R. § 36.

16.    Given the number of units and violations involved, it is simply not possible for each and every violation to be immediately cleared or for each and every repair to be immediately made, but I have used my best efforts to do so.

17.    Further, insofar as I have been informed that on March 25, 2011, NYCB sold the Mortgage and Note to Bronx VIII, LLC. The proposed intervenors' application to have NYCB advance funds for repairs is moot and should be denied.

18.    Nevertheless, it is my goal to continue to preserve the Subject Properties and fulfill the requirements of the Receivership Order to the best of my ability in accordance with my fiduciary duty to this Court.

_____
Albert Sontag, Receiver

Sworn to before me this
12 day of March, 2011

_____
NOTARY PUBLIC

LAWRENCE A. MANDELKER
Notary Public, State of New York
No. 4941452
Qualified in Westchester County
Commission Expires Aug. 15, 20_

4

EXHIBIT A

AT an IAS Part of the Supreme Court of the State
of New York, held in and for the County of Bronx,
at the Courthouse thereof at 851 Grand Concourse,
Bronx, New York on the _____ 25 _____ day of
_____November_____, 2009.

P R E S E N T :

HON. **ALAN J. SAKS**

J U S T I C E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

NEW YORK COMMUNITY BANK

　　　　　　　　　Plaintiff,

· against ·

2345 ASSOCIATES, INC.; 2350 ASSOCIATES, INC.;
3212 ASSOCIATES, INC.; PIPE DREAMS REALTY V
CORP. N/K/A 1221-1225 REALTY LLC; 2271
ASSOCIATES. INC. F/K/A PALAZZOLO HOLDING IV
CORP.; 735 ASSOCIATES. INC. F/K/A PALAZZOLO
HOLDING V CORP.; PIPE DREAMS REALTY II CORP.,
PIPE DREAMS REALTY IV CORP.; YESMEN PABON;
NEW YORK CITY, Department of  Transportation, Parking
Violations Bureau; THE CITY OF NEW YORK
(Environmental Control Board); NEW YORK CITY
TRANSIT AUTHORITY, TRANSIT ADJUDICATION
BUREAU; THE CITY OF NEW YORK (Department of
Finance); THE CITY OF NEW YORK (Department of
Housing Preservation and Development); THE CITY OF
NEW YORK (Department of Highways); THE PEOPLE OF
THE STATE OF NEW YORK - COMMISSIONER OF
TAXATION AND FINANCE: UNITED STATES OF
AMERICA (GENERAL SERVICES ADMINISTRATION
and DEPARTMENT OF JUSTICE);
"JOHN DOE #1"; "JOHN DOE #2";
"JOHN DOE #3"; "JOHN DOE #4";
"JOHN DOE #5"; "JOHN DOE #6";
"JOHN DOE #7"; "JOHN DOE #8";
"JOHN DOE #9"; "JOHN DOE #10";
the names of the last ten defendants being fictitious and
unknown to plaintiff, plaintiff intending to designate thereby
persons or parties having or claiming to have an interest in or
lien upon the described premises;

　　　　　　　　　Defendants.

_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _

ORDER APPOINTING
RECEIVER

Index No.: 308448/09

Premises

1) 2271 Morris Ave
BL 3182/LOT 35

2) 735 BRYANT AVE
BL 2763/LOT 233

3) 2345 CROTONA AVE
BL 3103 / LOT 40

4 3212 CRUGER AVE
BL 4587/LOT 11

5) 2350 CRESTON AVE
BL 3164/LOT 37

6) 2265 MORRIS AVE
BL 3 R3/LOT 37

7) 1221 SHERIDAN AVE
BL 2457 / LOT 29

8) 1225 SHERIDAN AVE
BL 2457/LOT 26

UPON the summons and verified complaint, duly filed in the Office of the Clerk of Bronx County on October 16, 2009 and upon the six (6) separate notices of pendency duly filed in the Office of the Clerk of Bronx County, on October 26, 2009, and upon reading and filing the annexed affidavit of Christopher H. Palmer, Esq., sworn to October 26, 2009, and the affidavit of Christopher Beck, sworn to October 26, 2009, and sufficient reason appearing therefor,

NOW, upon application of CULLEN AND DYKMAN LLP, attorneys for plaintiff, it is

ORDERED, that __ALBERT SONTAG__
of __2307 EASTCHESTER ROAD BRONX__, New York 10469 (phone # __718 652-2700__) (the "Receiver") be and hereby is appointed Receiver of all the equipment, personal property and assets of the defendants located at the premises described in the complaint in this action, which premises are described as set forth in Schedule "A" annexed hereto and incorporated herein (the "Premises"), and of all the rents, income, issues, charges, subsidies and profits now due or which may hereafter accrue and/or come due, from whatever source derived, during the pendency of this action, from the Premises; and it is further

ORDERED, that the said Receiver, prior to engaging in any action that may result in expenses being incurred, be and he/she hereby is directed to contact the plaintiff's attorney, Cullen and Dykman LLP, to ascertain the status of the foreclosure action and whether he/she should proceed with his/her duties; and it is further

ORDERED, that before entering upon the duties of such receivership, the Receiver execute to the People of the State of New York and file in the Office of the Clerk of the County of __BRONX__ a bond in the sum of $__225,000. 00__ conditioned for the faithful

performance of such Receiver's duties; and it is further *Ordered that the pleinti ffs shall pay for the premium on the bond, and it is further*

ORDERED, that all the tenants in possession of the Premises and such other person or persons as may be in possession and/or occupancy thereof and such other person or persons who lease, occupy, use or pay for and/or subsidize any portion of the Premises, are hereby ordered and directed to attorn as such tenant or tenants or occupants to the Receiver, and until the further order of this Court, to pay over to such Receiver all rent of the Premises now due and unpaid, or that may hereafter become due and all other charges and/or subsidies in connection with the Premises; and it is further,

ORDERED, that all tenants and occupants of the Premises and other persons liable for such rents, changes and/or subsidies are hereby enjoined and restrained from paying such rent, charges and/or subsidies for the Premises to the defendants, 2345 ASSOCIATES, INC., 2350 ASSOCIATES, INC., 3212 ASSOCIATES, INC., PIPE DREAMS REALTY V CORP. N/K/A 1221-1225 REALTY LLC, 2271 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP., 735 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP., PIPE DREAMS REALTY II CORP. and PIPE DREAMS REALTY IV CORP., its agents, servants, employees, attorneys, managing agents and/or to any other person, other than the Receiver and/or the Receiver's agent; and it is further

ORDERED, that all the persons now or hereafter in possession of the Premises, or any part thereof, and not holding such possession under valid and existing leases do forthwith surrender such possession to the Receiver; and it is further

ORDERED, that the Receiver is hereby authorized to hire a managing agent to assist the Receiver in to the collection of all such rents, income, issues, charges, subsidies and profits and

- 3 -

(b) the management and day-to-day operation of the Premises, and that the Receiver's managing agent shall be entitled to the usual, customary and commercially reasonable fees for such services not to exceed (except upon express written order of this Court) five percent (5%) of all such rents, income, issues, charges, subsidies and profits collected by the Receiver; and it is further

ORDERED, that the Receiver is hereby authorized to retain counsel in connection with representation of the Receiver in the Receiver's duties and that such counsels fees and expenses shall be subject to the review and approval of this Court unless otherwise agreed to in writing by the Receiver, plaintiff and the defendants, 2345 ASSOCIATES, INC., 2350 ASSOCIATES, INC., 3212 ASSOCIATES, INC., PIPE DREAMS REALTY V CORP. N/K/A 1221-1225 REALTY LLC, 2271 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP., 735 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP., PIPE DREAMS REALTY II CORP. and PIPE DREAMS REALTY IV CORP.; and it is further

ORDERED, that the Receiver be and hereby is authorized to institute and carry on all legal proceedings necessary for the protection of the Premises, including such proceedings as may be necessary to recover possession of the whole or any part of the Premises, and to institute and prosecute suits for the collection of rents, income, profits, charges and/or subsidies now due and hereafter to become due of the Premises, or any part thereof; and to institute and prosecute summary proceedings or other proceedings for the removal of any tenant or tenants, squatters or other persons therefrom; and it is further

ORDERED, that the Receiver be and hereby is authorized to operate, carry on and manage the Premises, and may purchase, procure and obtain such supplies necessary for the operation of the Premises, and may take from the receipts from the Premises, the wages and

- 4 -

necessary operating expenses of the Premises; and it is further

ORDERED, that the Receiver is hereby authorized, pursuant to CPLR 5228(a), to rent the Premises for terms up to two (2) years; to keep the Premises insured against loss or damage by fire, earthquake, flood and all other physical damage and make any repairs to the Premises as may reasonably be necessary to keep and maintain the Premises in repair; to cure any outstanding violations against the Premises; to pay insurance premiums, including premiums for liability and compensation insurance, taxes, fuel, assessments and water rates and sewer charges upon the Premises; and to properly fulfill the Receiver's duties as such Receiver; and it is further

ORDERED, that during the pendency of this action, the defendants, 2345 ASSOCIATES, INC., 2350 ASSOCIATES, INC., 3212 ASSOCIATES, INC., PIPE DREAMS REALTY V CORP. N/K/A 1221-1225 REALTY LLC, 2271 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP., 735 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP., PIPE DREAMS REALTY II CORP. and PIPE DREAMS REALTY IV CORP., its agents, servants, employees, managing agents and attorneys and any and all other persons, other than the Receiver and the Receiver's agents, be and the same hereby are enjoined and restrained from collecting all rents, income, issues, and/or charges, subsidies and profits now due or which may hereafter accrue or come due, from whatever source derived, of the Premises, and from interfering in any manner with the Premises or its operation and/or possession; and it is further

ORDERED, that the defendants, 2345 ASSOCIATES, INC., 2350 ASSOCIATES, INC., 3212 ASSOCIATES, INC., PIPE DREAMS REALTY V CORP. N/K/A 1221-1225 REALTY LLC, 2271 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP., 735

ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP., PIPE DREAMS REALTY II CORP. and PIPE DREAMS REALTY IV CORP., its agents, servants, employees, managing agents and attorneys and any and all other persons, other than the Receiver and the Receiver's agents, are directed and ordered to forthwith deliver to the Receiver (a) all security deposits for the Premises, (b) all existing leases, rent schedules, rent rolls, and a list of all tenants and occupants including their names, apartment numbers, monthly rental amount, amount of security deposit, social security numbers and an itemized list of all rent arrears due from any and all tenants and/or occupants of the Premises; (c) all keys, access codes and/or access cards to the Premises, (d) all utility and service contracts for the Premises, including without limitation any and all contracts for the electric, gas, cable and telephone services and any other utilities, waste removal, superintendents, porters, management and/or repair and upkeep of the Premises; (e) all contracts for delivery of income and rent with respect to the Premises and/or tenants and/or occupants thereof; (f) copies of all DHCR filings for the Premises for the past five (5) years; (g) all insurance policies with respect to the Premises including without limitation insurance policies for liability and property coverage; and (h) all other documentation and information necessary to the proper operation and maintenance of the Premises; and it is further

ORDERED, that the Receiver and the Receiver's managing agent and counsel not incur any expenses (other than (a) the cost of the bond set forth above on page 2 of this Order, (b) the cost of any insurance required for the Premises and (c) the cost of any fuel, utilities, real estate taxes, assessments, water rates and sewer charges of the Premises), above and beyond the amount of rents, income, charges and profits collected by the Receiver, without the express written consent either of plaintiff or of this Court; and it is further

ORDERED, that the Receiver appointed herein shall continue in his/her duties as such until the receivership is terminated by court order; and it is further

ORDERED, that the Receiver shall deposit all moneys received by the Receiver in the Receiver's own name, as Receiver, in _Sovereign Bank_ _____ New York and no withdrawals shall be made therefrom except as directed by the Court or on a draft or check signed by the Receiver, and countersigned by the surety on his bond. Said depository shall send a monthly statement of the deposits in and withdrawals from said account to the Receiver and duplicate copies thereof to plaintiff's attorneys.

NOTWITHSTANDING ANY OTHER PROVISION OF THIS ORDER TO THE CONTRARY, THE RECEIVER SHALL NOT APPOINT ANY ATTORNEY, APPRAISER, ACCOUNTANT, AGENT OR AUCTIONEER WITHOUT PRIOR AUTHORIZATION OF THE COURT. _and it is Further_

ENTER,

_____
J. S. C.

_Ordered that the plaintiff shall either procure
and pay for or reimburse the Receiver for the
cost of liability insurance premiums on behalf of the
Receiver at each of the subject buildings providing
not less than one million dollars coverage for each_

- 8 -

_J. S. C._ _building_

ORDERED, that out of the money received and collected by the Receiver, after deducting such moneys as are absolutely necessary to keep the Premises in repair pursuant to CPLR 5228(a), the Receiver shall first pay the cost of the Receiver's said bond and then insurance premiums, fuel, utilities, real estate taxes, assessments and water rates and sewer charges on the Premises; and thereafter, the Receiver shall set aside sufficient sums as the Receiver reasonably determines shall be sufficient to cover all of the costs and expenses of the receivership (including the receiver's fees and commissions and the reasonable fees and expenses of the Receiver's managing agent and the Receiver's counsel) and shall retain such sums in the Receiver's account; that after properly setting aside for such fees and expenses, the Receiver shall pay over to plaintiff, at least quarterly, such additional sums as the Receiver may have collected above and beyond the foregoing amounts; that plaintiff shall apply any such amounts paid over to plaintiff to the amounts due and owing on the subject mortgage and that the receipt and application of any of such sums by plaintiff shall be not be deemed to be a waiver by plaintiff of acceleration of the mortgaged indebtedness; that after any such payment(s) to plaintiff, the funds remaining in the Receiver's account shall be retained by the Receiver for the purposes herein set forth or until the further order of this Court; and it is further

ORDERED, that the Receiver or any party thereto, may at any time, on the proper notice to all parties who have appeared in this action, apply to this Court for further or other instructions and powers necessary to enable the Receiver to fulfill the Receiver's duties; and it is further

ORDERED, that the appointee named herein shall comply with CPLR Sections 6401-6404, RPAPL Section 1325, Section 35-a of the Judiciary Law and Rule 36 of the Chief Judge; and it is further Ordered that plaintiff shall advance such funds sufficient for the Receiver to purchase and pay for full necessary to furnish heat and hot water as required by law and to make necessary repairs to the premises

-7-

J.S.C.

Ordered that the Receiver
MUST SUBMIT AN ORDER FOR the appointment
OF A property MANAGER and to appoint
a counsel to the Receiver, IF the
aforementioned secondary appointments
are Required, and it is Further

and it is further ORDERED that the Receivers/
Guardians shall NOT make any secondary
appointments without the prior written
approval of the Court, and that the Receiver/
Guardian shall comply with Part 36 of the
Rules of the Chief Judge.

J.S.C.

J.S.C.

SUPREME COURT OF THIS STATE OF NEW YORK
COUNTY OF BRONX

Index No.
Year 20

NEW YORK COMMUNITY BANK

Plaintiff,

-against-

2131 ASSOCIATES, INC.; 2131 ASSOCIATES, INC.;
2131 ASSOCIATES, INC.; PUSHKARAN REALTY CORP.,
PEFA 1234-1235 REALTY LLC; 2131 ASSOCIATES, INC.; PEFA
1234 AZZURRO REALTY IV CORP.; 2131 ASSOCIATES, INC.
1234 AZZURRO RICHARD V CORP.; PIPE DREAMS
REALTY II CORP.;
PIPE DREAMS REALTY IV CORP., YESSHIVA/HOQ,
NEW YORK CITY, Department of Transportation, Parking Violations
Bureau; THE PEOPLE OF THE STATE OF NEW YORK (Institutional Control Board);
NEW YORK CITY TRANSIT AUTHORITY; NEW YORK
ADJUDICATION BUREAU, THE CITY OF NEW YORK
(Department of Finance); THE CITY OF NEW YORK (Department
of Housing Preservation and Development); THE CITY OF NEW
YORK (Department of Finance), THE CITY OF NEW YORK
(Department of Finance, The People of the State of New York; STATE
OF NEW YORK, THE COMMISSIONER OF TAXATION AND
FINANCE; UNITED STATES OF AMERICA; INTERNAL
SERVICES ADMINISTRATION; DEPARTMENT OF JUSTICE
"JOHN DOE #1" "JOHN DOE #2" "JOHN DOE #3"
"JOHN DOE #4" "JOHN DOE #5" "JOHN DOE #6"
"JOHN DOE #7" "JOHN DOE #8" "JOHN DOE #9"
"JOHN DOE #10"
the names of the last ten defendants being fictitious and unknown to
plaintiff, persons intending to designate thereby parties or parties
having or claiming to have an interest in or lien upon the aforesaid
premises.

Defendants.

**ORDER APPOINTING RECEIVER**

CULLENandDYKMANLLP

Attorneys for     NEW YORK COMMUNITY BANK

Office and Post Office Address
44 WALL STREET
NEW YORK, NY 10005-2407
(212) 732-2000

"WE DO NOT ACCEPT SERVICE
BY ELECTRONIC TRANSMISSION (FAX)
UNLESS PRIOR PERMISSION IS GIVEN".

---

Please take notice

☐ NOTICE OF ENTRY
that the within is a certified true copy of a
duly entered in the office of the

☐ NOTICE OF SETTLEMENT
that an order
will be presented for settlement to the Hon.
of which the within is a true copy

one of the judges of the within named court, at

, City of New York,

on the          day of          , 20
at          M.

Dated,

Yours, etc.

CULLENandDYKMANLLP

Attorneys for

To

Attorney(s) for

Esq.

---

*(handwritten notes)*

BANK OFFICER
CHRISTOPHER BECK
LOAN RECOVERY
NY COMMUNITY BANK

CULLEN and DYKMAN → Christopher Fincher, ESQ.

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
NEW YORK COMMUNITY BANK,

                    Plaintiff,           Index No. 308448/09

      - against -

2345 ASSOCIATES, INC. et al,          **NOTICE TO ATTORN**

                    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

TO:   THE TENANTS, SUBTENANTS OR OTHER PERSONS IN POSSESSION
      OF THE PROPERTIES, OR ANY PORTION THEREOF, KNOWN AS

     2271 MORRIS AVENUE, BRONX, NEW YORK,
     735 BRYANT AVENUE, BRONX, NEW YORK
     2345 CROTONA AVENUE, BRONX, NEW YORK,
     3212 CRUGER AVENUE, BRONX, NEW YORK,
     2350 CRESTON AVENUE, BRONX, NEW YORK,
     2265 MORRIS AVENUE, BRONX, NEW YORK,
     1221 SHERIDAN AVENUE, BRONX, NEW YORK, AND
     1225 SHERIDAN AVENUE, BRONX, NEW YORK

     PLEASE TAKE NOTICE THAT, by order granted on November 23, 2009 by the

Supreme Court of the State of New York, held in and for the County of Bronx (Saks, J.)

in an action entitled *New York Community Bank v. 2345 ASSOCIATES, INC et al.,*

Index No. 308448/09, I, Albert Sontag have been appointed as Receiver for the benefit

of the plaintiff of all of the rents and profits of

     2271 MORRIS AVENUE, BRONX, NEW YORK,
     735 BRYANT AVENUE, BRONX, NEW YORK
     2345 CROTONA AVENUE, BRONX, NEW YORK,
     3212 CRUGER AVENUE, BRONX, NEW YORK,
     2350 CRESTON AVENUE, BRONX, NEW YORK,
     2265 MORRIS AVENUE, BRONX, NEW YORK,
     1221 SHERIDAN AVENUE, BRONX, NEW YORK, AND
     1225 SHERIDAN AVENUE, BRONX, NEW YORK, now due and or to become

due during the pendency of this action.

PLEASE TAKE FURTHER NOTICE THAT the tenants, subtenants or other persons in possession of the any portion of the aforesaid properties are required to attorn and pay over to me all rents of such property now due or unpaid, or that may hereafter become due; and that during the pendency of this action, all persons except me or my designated managing agent Raphael Soloff of All City Realty Corp, 2562 Briggs Avenue, Bronx, New York 10458 are enjoined and restrained from collecting the rents of said Property and from interfering in any manner with the Property or my possession.

PLEASE TAKE FURTHER NOTICE THAT all tenants of the Property and other persons liable for the rents have been enjoined by the Order and restrained from paying any rents for such property to 2345 ASSOCIATES, INC.; 2350 ASSOCIATES, INC.; 3212 ASSOCIATES, INC.; PIPE DREAMS REALTY V CORP., N/K/A 1221-1225 REALTY LLC; 2271 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING IV CORP.; 735 ASSOCIATES, INC. F/K/A PALAZZOLO HOLDING V CORP.; PIPE DREAMS REALTY II CORP.; PIPE DREAMS REALTY IV CORP.; YESMEN PABON, their agents, employees, partners, independent contractors, servants or attorneys.

PLEASE TAKE FURTHER NOTICE THAT I have been authorized by the Court to institute and carry on all legal proceedings necessary for the protection of the Property or to recover possession of the whole, or any party thereof, and to institute and prosecute suits for the collection of rents now due or hereafter to become due, and

summary proceedings for the removal of any tenant, subtenant or other persons in occupancy therefrom.

Dated:  Bronx, N.Y.
    December 15, 2009

            Albert Sontag
            Receiver
            2307 Eastchester Road
            Bronx, York, N.Y. 10469
            718-652-2700

EXHIBIT C

| | Total Violations as of April 2010 | Total Violations as of March 9, 2011* | Total Violations added since March 10, 2011 | Total Violations as of March 24, 2011 | C Violations as of April 2010 | C Violations as of March 9, 2011 | C Violations added since March 10, 2011 | C Violations as of March 24, 2011 |
|---|---|---|---|---|---|---|---|---|
| 1221 Sheridan | 448 | 172 | 217 | 389 | 87 | 37 | 21 | 58 |
| 1225 Sheridan | 889 | 341 | 11 | 352 | 89 | 25 | 9 | 34 |
| 3212 Cruger | 286 | 305 | 1 | 306 | 27 | 26 | 1 | 27 |
| 735 Bryant | 595 | 240 | 10 | 250 | 83 | 64 | 0 | 64 |
| 2345 Crotona | 217 | 87 | 71 | 158 | 11 | 3 | 2 | 5 |
| 2265 Morris | 223 | 6 | 55 | 61 | 24 | 5 | 7 | 12 |
| 2271 Morris | 103 | 13 | 13 | 26 | 10 | 4 | 1 | 5 |
| 2350 Creston | 279 | 20 | 37 | 57 | 63 | 2 | 8 | 10 |

*Violations prior to the filing of the tenants order to show cause application

**Number of violations added since the filing of the tenants order to show cause application

EXHIBIT D


Department of
Housing Preservation
& Development
nyc.gov/hpd

RAFAEL E. CESTERO
Commissioner
DOUGLAS APPLE
First Deputy Commissioner
VITO MUSTACIUOLO
Deputy Commissioner
WILLIAM S. CARBINE
Assistant Commissioner

Office of Enforcement and
Neighborhood Services
Division of Neighborhood
Preservation
Bronx Borough Office
151 East Tremont Avenue, 2nd Floor
Bronx, NY 10453

June 22, 2010

Mr. Albert Sontag
Pipe Dreams Realty II Corp
2562 Briggs Avenue
Bronx New York 10458

Dear Mr. Sontag:

**RE: 2265 Morris Avenue     BLOCK: 3182     LOT:  37**

On May 11, 2010, you entered into a Voluntary Repair Agreement (VRA) with the Department of
Housing Preservation and Development's Division of Neighborhood Preservation (DNP).  At that
time, you agreed to correct 80% or more of the outstanding violations on record by August 11,
2010.

A final inspection was conducted by DNP technical staff on June 21, 2010; at that time a total of
84% of the violations were found corrected.  We wish to extend our congratulations to you for
the successful completion of the VRA.

Should you wish to contact us for an additional inspection or would further information of the
resources available through the Bronx DNP office, please contact Mildred Velez for assistance.

Sincerely,

Michael C. Lugo
Director

Printed on paper containing 30% post-consumer material.



**Department of
Housing Preservation
& Development**
nyc.gov/hpd

RAFAEL E. CESTERO
Commissioner
DOUGLAS APPLE
First Deputy Commissioner
VITO MUSTACIUOLO
Deputy Commissioner
WILLIAM S. CARBINE
Assistant Commissioner

Office of Enforcement and
Neighborhood Services
Division of Neighborhood
Preservation
Bronx Borough Office
151 East Tremont Avenue, 2nd Floor
Bronx, NY 10453

September 3, 2010

Mr. Albert Sontag
c/o 2271 Morris Avenue
2582 Briggs Avenue
Bronx New York 10456

Dear Mr. Sontag:

**RE: 2271 Morris Avenue      BLOCK: 3182      LOT:  5**

On August 4, 2010, you entered into a Voluntary Repair Agreement (VRA) with the Department of Housing Preservation and Development's Division of Neighborhood Preservation (DNP). At that time, you agreed to correct 80% or more of the outstanding violations on record by December 4, 2010.

A final inspection was conducted by DNP technical staff on September 1, 2010; at that time a total of 98% of the violations were found corrected. We wish to extend our congratulations to you for the successful completion of the VRA.

Should you wish to contact us for an additional inspection or would further information of the resources available through the Bronx DNP office, please contact Mildred Velez for assistance.

Sincerely,

Michael C. Lugo
Director

Printed on paper containing 30% post-consumer material.

EXHIBIT E

| CD ACT# | DESCRIPTION | CASH-MTD | CASH-FYTD | BUD/LYR | %-YR | %- |
|---|---|---|---|---|---|---|
| ** DISBURSEMENTS ** | | | 2011 | 2010 | | |
| | GENERAL | | | | | |
| 17 | 1ST MTG.P&I | 0.00 | 0.00 | | | |
| 18 | 2ND MTG | 0.00 | 0.00 | | | |
| 19 | TRANSFER | 0.00 | 0.00 | | | |
| 20 | ESCROW | 0.00 | 0.00 | 15,879 | 0 | 100- |
| 21 | LOAN/RETURN | 0.00 | 0.00 | | | |
| 22 | DISTR/DRAW | 0.00 | 0.00 | | | |
| 23 | AUTO -TRAVEL | 0.00 | 0.00 | 35 | 0 | 100- |
| 24 | MISCELL. | 0.00 | 0.00 | | | |
| | * SUBTOTAL: | 0.00 | 0.00 | 15,914 | 0 | 100- |
| | ADMIN | | | | | |
| 25 | ACCOUNTING | 0.00 | 800.00 | 2,860 | 28 | 12 |
| 26 | SECURITY ACT | 0.00 | 0.00 | | | |
| 27 | LEGAL | 12,653.90 | 29,569.55 | 101,799 | 29 | 16 |
| 28 | MANAGEMENT | 0.00 | 34,539.82 | 208,460 | 17 | 34- |
| 29 | PAYROLL PREP | 0.00 | 0.00 | | | |
| 30 | PROFESSIONAL | 140,973.00 | 141,223.00 | 45,547 | 310 | *1140 |
| 31 | TELEPHONE | 0.00 | 0.00 | 920 | 0 | 100- |
| 32 | MEDICAL | 0.00 | 0.00 | | | |
| 33 | ADMIN. MISC. | 24.03 | 24.03 | 197 | 12 | 51- |
| | * SUBTOTAL: | 153,650.93 | 206,156.40 | 359,683 | 57 | 129 |
| | OPERATION | | | | | |
| 34 | EXTERMINATNG | 1,135.36 | 4,154.90 | 7,520 | 55 | 121 |
| 35 | FUEL | 93,971.27 | 264,120.41 | 461,114 | 57 | 129 |
| 36 | GAS/ELEC | 3,662.74 | 10,486.67 | 57,041 | 18 | 26- |
| 37 | INSURANCE | 0.00 | 2,498.00 | 327,769 | 1 | 97- |
| 38 | PAYROLL | 0.00 | 23,933.45 | 158,756 | 15 | 40- |
| 39 | PERMIT/LIC | 300.00 | 3,490.00 | 13,689 | 25 | 2 |
| 40 | REIMB TENANT | 0.00 | 0.00 | | | |
| 41 | RUBBISH REMV | 3,017.43 | 8,288.10 | 7,504 | 110 | 342 |
| 42 | RENTS | 0.00 | 0.00 | | | |
| 43 | SUPPLIES | 9,220.32 | 31,471.43 | 125,994 | 25 | 0- |
| 44 | UNION COSTS | 0.00 | 0.00 | | | |
| 45 | VIOLATION | 0.00 | 0.00 | | | |
| 46 | OPER.MISC. | 0.00 | 0.00 | | | |
| | * SUBTOTAL: | 111,307.12 | 348,442.96 | 1,159,386 | 30 | 20 |
| | RENTAL | | | | | |
| 47 | ADVERTISING | 0.00 | 0.00 | | | |
| 48 | CREDIT REPRT | 0.00 | 0.00 | | | |
| 49 | RENTING COMM | 0.00 | 0.00 | | | |
| 50 | RENT REFUND | 0.00 | 0.00 | 900 | 0 | 100- |
| 51 | BANK CHARGES | 0.00 | 0.00 | 320 | 0 | 100- |
| | * SUBTOTAL: | 0.00 | 0.00 | 1,220 | 0 | 100- |
| | REPAIR/MAINT | | | | | |
| 52 | APPL REPAIR | 1,230.00 | 2,510.00 | 21,631 | 12 | 54- |
| 53 | BOILER REPR | 566.16 | 22,322.01 | 61,922 | 36 | 44 |
| 54 | BURNER REPR | 614.06 | 6,995.74 | 39,803 | 18 | 30- |
| 55 | CARPENTRY | 4,675.00 | 14,615.00 | 55,425 | 26 | 6 |
| 56 | CEMENT/BRICK | 0.00 | 0.00 | 85,938 | 0 | 100- |

|  |  |  |  | 2011 | 2010 |  |  |
|---|---|---|---|---|---|---|---|
| CD | ACT# | DESCRIPTION | CASH-MTD | CASH-FYTD | BUD/LYR | %--YR | %-- |
| 57 |  | COMPCT/SPRIN | 0.00 | 0.00 |  |  |  |
| 58 |  | ELECTRICAL | 299.64 | 11,021.95 | 41,002 | 27 | 8 |
| 59 |  | ELEVATOR | 0.00 | 0.00 |  |  |  |
| 60 |  | FIRE RESTORE | 0.00 | 0.00 |  |  |  |
| 61 |  | WINDOW/GLASS | 1,338.84 | 5,524.74 | 29,545 | 18 | 25- |
| 62 |  | IRON WORKS | 0.00 | 0.00 | 5,525 | 0 | 100- |
| 63 |  | PAINTING | 9,085.00 | 32,500.00 | 139,470 | 23 | 7- |
| 64 |  | PLASTER/TILE | 1,720.00 | 10,760.00 | 29,600 | 36 | 45 |
| 65 |  | PLUMBING | 11,751.97 | 33,680.32 | 93,548 | 36 | 44 |
| 66 |  | REPAIRS | 0.00 | 0.00 | 3,225 | 0 | 100- |
| 67 |  | ROOFING | 4,650.00 | 14,500.00 | 49,990 | 29 | 16 |
| 68 |  | WATERPROOFNG | 0.00 | 0.00 | 20,578 | 0 | 100- |
| 69 |  | PAINT PUB PT | 500.00 | 500.00 | 2,735 | 18 | 27- |
| 70 |  | LOCKSMITH | 0.00 | 280.08 | 14,504 | 2 | 92- |
| 71 |  | WINDOW GUARD | 0.00 | 75.00 | 350 | 21 | 14- |
| 72 |  | INTRCOM/ALRM | 1,061.55 | 1,311.70 | 13,375 | 10 | 61- |
| 73 |  | LEAD/ASBESTO | 5,000.00 | 22,100.00 | 347,695 | 6 | 79- |
| 74 |  | GARDENING | 0.00 | 0.00 |  |  |  |
| 75 |  | GEN CONTRACT | 0.00 | 3,000.00 | 17,500 | 17 | 31- |
| 76 |  | FLOORS | 7,150.00 | 33,375.00 | 97,305 | 34 | 37 |
|  |  | * SUBTOTAL: | 49,542.23 | 215,082.54 | 1,190,555 | 18 | 27- |
|  |  | TAXES |  |  |  |  |  |
| 77 |  | R.E. TAXES | 89,857.74 | 89,857.74 |  |  |  |
| 78 |  | WATER/SEWER | 0.00 | 0.00 |  |  |  |
| 79 |  | MISC LIENS | 0.00 | 0.00 |  |  |  |
| 80 |  | CORP.TAX | 0.00 | 0.00 |  |  |  |
| 81 |  | FED P/R TAX | 0.00 | 0.00 |  |  |  |
| 82 |  | FED UNEMPL. | 0.00 | 0.00 |  |  |  |
| 83 |  | S&C WITHOLD' | 0.00 | 0.00 |  |  |  |
| 84 |  |  | 0.00 | 0.00 |  |  |  |
| 85 |  | NYS U I | 0.00 | 0.00 |  |  |  |
| 86 |  | WORKMN-DBL | 0.00 | 75.60 | 1,827 | 4 | 93- |
| 87 |  | WATER METER | 0.00 | 0.00 |  |  |  |
| 88 |  | MISC TAX | 0.00 | 0.00 |  |  |  |
|  |  | * SUBTOTAL: | 89,857.74 | 89,933.34 | 1,827 | %4923 | %19592 |
|  |  | CAPITOL IMPR |  |  |  |  |  |
| 89 |  | APT APPLIANC | 690.27 | 8,891.03 | 23,659 | 38 | 50 |
| 90 |  | BURNER/BOILR | 0.00 | 0.00 |  |  |  |
| 91 |  | ROOF | 0.00 | 0.00 |  |  |  |
| 92 |  | ADQT.WIRING | 0.00 | 0.00 |  |  |  |
| 93 |  | ELEVATOR | 0.00 | 0.00 |  |  |  |
| 94 |  | RENOVATION | 25,100.00 | 67,250.00 | 174,530 | 39 | 54 |
|  |  | * SUBTOTAL: | 25,790.27 | 76,141.03 | 198,189 | 38 | 54 |
|  |  | SEC.INT. |  |  |  |  |  |
| 95 | 95 | SEC.INT. | 0.00 | 0.00 |  |  |  |
| 96 | 96 | TNT.SECURITY | 1,070.00 | 53,759.20 | 1,070 | %5024 | %19997 |
|  |  | * SUBTOTAL: | 1,070.00 | 53,759.20 | 1,070 | %5024 | %19997 |
|  |  | ** TOT DISBURS **: | 431,218.29 | 989,515.47 | 2,917,844 | 34 | 36 |
|  |  | *** NET CASH FLOW: | 30,829.53 | 34,040.42- |  |  |  |

# EXHIBIT "F"

EXHIBIT "F"

# NOTICE OF LOAN SALE

**BRONX VIII, LLC**
c/o Townhouse Management Company
70 East 55th Street
New York, New York 10022

March 29, 2011

1221-1225 Realty LLC
2345 Associates, Inc.
2350 Associates, Inc.
3212 Associates, Inc.
Pipe Dreams Realty V Corp.
2271 Associates, Inc.
735 Associates, Inc.
Pipe Dreams Realty II Corp.
Pipe Dreams Realty IV Corp.

c/o 800 Central Park Avenue
Scarsdale, New York 10583
Article #: 91 7108 2133 3938 9683 6444

Re: New York Community Bank v. 2345 Associates, Inc., et. al. Supreme Ct., Bronx County, Index No.: 308448/2009 (the "Litigation")
1221 -1229 Sheridan Avenue, 2265-2275 Morris Avenue, 2345 Crotona Avenue, 2350 Creston Avenue, 3212 Cruger Avenue and, 735 Bryant Avenue, Bronx, New York (the "Premises")

To Whom It May Concern:

 This letter shall serve as notice that Bronx VIII, LLC ("Bronx VIII") is the owner of the notes and mortgages and related documents (the "Loan Documents") that are the subject of the above-referenced Litigation and relate to the above-referenced Premises, having acquired all of the right, title and interest of New York Community Bank ("NYCB") in the Loan Documents by those certain Assignments of Mortgages and Assignment of Litigation from NYCB to Bronx VIII dated March 25, 2011.

 Accordingly, please make all inquiries in connection with the loan to Bronx VIII at the address listed below:

  c/o Townhouse Management Company
  70 East 55th Street
  New York, New York 10022

 If you have any questions regarding the loan, please feel free to contact Mitchel Maidman at (212) 755 – 0500.

Nothing herein shall be deemed or constitute a waiver, modification or release of any of the terms or provisions of the Loan Documents or of your defaults thereunder, or constitute a waiver, release or an estoppel of, by or against any of Bronx VIII's rights or remedies under the Loan Documents, in law and/or in equity, including, without limitation, with respect to any action to foreclose the Loan Documents, all of which rights and remedies are specifically reserved.

Sincerely yours,
Bronx VIII, LLC
By: Bronx VIII Manager, LLC
its Manager

By: _____

Mitchel Maidman
Manager

cc:  1221-1225 Realty LLC
P.O. Box 498
Brooklyn, New York 11230
Article #: 91 7108 2133 3938 9683 6307

2345 Associates, Inc.
c/o Mark J. Schwartz
550 Broad Street, Suite 1801
Newark, New Jersey 07102
Article #: 91 7108 2133 3938 9683 6314

2350 Associates, Inc.
c/o Mark Schwartz
550 Broad Street, Suite 1801
Newark, New Jersey 07102
Article #: 91 7108 2133 3938 9683 6321

3212 Associates, Inc.
c/o NYAHA
240 Ocean Parkway, 4A
Brooklyn, New York 11218
Article #: 91 7108 2133 3938 9683 6338

3212 Associates, Inc.
c/o Mark J. Schwartz
c/o NYAHA
240 Ocean Parkway, 4A
Brooklyn, New York 11218
Article #: 91 7108 2133 3938 9683 6345

Pipe Dreams Realty V Corp.
c/o NYAHA
240 Ocean Parkway, 4A
Brooklyn, New York 11218
Article #: 91 7108 2133 3938 9683 6352

Pipe Dreams Realty V Corp.
c/o Mark J. Schwartz
c/o NYAHA
240 Ocean Parkway, 4A
Brooklyn, New York 11218
Article #: 91 7108 2133 3938 9683 6369

2271 Associates, Inc.
c/o Mark Schwartz
550 Broad Street, Suite 1801
Newark, New Jersey 07102
Article #: 91 7108 2133 3938 9683 6376

735 Associates, Inc.
c/o NYAHA
240 Ocean Parkway, 4A
Brooklyn, New York 11218
Article #: 91 7108 2133 3938 9683 6383

735 Associates, Inc.
c/o Mark Saufati
550 Broad Street, Suite 1801
Newark, New Jersey 07102
Article #: 91 7108 2133 3938 9683 6390

Pipe Dreams Realty II LLC
c/o Mark Saufati
800 Central Park Avenue, #207
Scarsdale, New York 10583
Article #: 91 7108 2133 3938 9683 6406

Pipe Dreams Realty IV Corp.
c/o NYAHA
240 Ocean Parkway, 4A
Brooklyn, New York 11218
Article #: 91 7108 2133 3938 9683 6413

Pipe Dreams Realty IV Corp.
c/o Mark J. Schwartz
c/o NYAHA
240 Ocean Parkway, 4A
Brooklyn, New York 11218
Article #: 91 7108 2133 3938 9683 6420

Albert Sontag – Receiver
2307 Eastchester Road
Bronx, New York 10469
Article #: 91 7108 2133 3938 9683 6437

EXHIBIT "G"

EXHIBIT "G"

PART 08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX:

| | |
|---|---|
| Case Disposed | ☐ |
| Settle Order | ☐ |
| Schedule Appearance | ☐ |

-------------------------------------------------------X

NEW YORK COMMUNITY BANK

Index № 0308448/2009

-against-

Hon. BETTY OWEN STINSON

2345 ASSOCIATES, INC.

Justice.

-------------------------------------------------------X

The following papers numbered 1 to __2__ Read on this motion SUBSTITUTE AS PARTIES
Noticed on April 13 2011 and duly submitted as No. 20 on the Motion Calendar of 4/13/11

| | PAPERS NUMBERED |
|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | 1 2 |
| Answering Affidavit and Exhibits | |
| Replying Affidavit and Exhibits | |
| Affidavits and Exhibits | |
| Pleadings - Exhibit | |
| Stipulation(s) - Referee's Report - Minutes | |
| Filed Papers | |
| Memoranda of Law | |

Upon the foregoing papers this *motion to substitute the current holder of the mortgage(s) and notes(s) on the properties which are the subject of this foreclosure action, namely BRONX VIII, LLC as Plaintiff and to amend the caption accordingly is granted without opposition.*

*Order signed.*

Motion is Respectfully Referred to:
Justice
Dated

Dated 4-29-11

Hon. _[signature]_
BETTY OWEN STINSON, J.S.C.



# EXHIBIT "H"

# EXHIBIT "H"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

-----------------------------------------------------------------X

BRONX VIII LLC,

                   Plaintiff,

        -against-

2345 ASSOCIATES, INC.; 2350 ASSOCIATES,
INC.; 3212 ASSOCIATES, INC.; PIPE DREAMS
REALTY V CORP. N/K/A 1221-1225 REALTY
LLC; 2271 ASSOCIATES, INC. F/K/A PALAZZOLO
HOLDING IV CORP.; 735 ASSOCIATES, INC.
F/K/A PALAZZOLO HOLDING V CORP.; PIPE
DREAMS REALTY II CORP.; PIPE DREAMS
REALTY IV CORP.; YESMEN PABON; NEW
YORK CITY (Department of Transportation,
Parking Violations Bureau; THE CITY OF NEW
YORK (Environmental Control Board); NEW
YORK CITY TRANSIT AUTHORITY, TRANSIT
ADJUDICATION BUREAU; THE CITY OF NEW
YORK (Department of Finance); THE CITY OF
NEW YORK (Department of Housing Preservation
and Development); THE CITY OF NEW YORK
(Department of Highways); THE PEOPLE OF
THE STATE OF NEW YORK – COMMISSIONER
OF TAXATION AND FINANCE.

                   Defendants.

-----------------------------------------------------------------X

(Stinson, J.)

Index No. 306448/09

**STIPULATION AND
CONSENT TO TERMINATE
RECEIVERSHIP AND
DISCHARGE OF RECEIVER
AND SURETY**

SO ORDERED

      IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned, the

attorneys for both the Plaintiff, Bronx VIII LLC, and the Receiver, Albert Sontag, that the

temporary receivership ("Receivership") over the rents and profits of the premises known

as 2271 Morris Avenue, 735 Bryant Avenue, 2345 Crotona Avenue, 3212 Cruger Avenue,

2350 Creston Avenue, 2265 Morris Avenue, 1221 Sheridan Avenue, and 1225 Sheridan

Avenue, Bronx, New York (hereinafter collectively referred to as "the Premises") is hereby

terminated effective April 30, 2011; and



IT IS FURTHER STIPULATED AND AGREED that effective as of the 1st day of May, 2011, the Plaintiff, as mortgagee-in-possession pursuant to the recorded assignments of (a) the mortgages being foreclosed in this action (the "Mortgages") and (b) the Collateral Assignment of Leases and Rents (the "Assignment") that are of record against and affect the Premises, shall, inter alia: (i) enter upon and take possession of the Premises and have, hold, manage, lease and operate the same on such terms, employing such management agents and for such period of time as Plaintiff may deem proper with full power to make from time to time all alterations, renovations or replacements thereto as it may deem proper; (ii) collect and receive all rents, issues, subsidies, charges, and profits of the Premises, including those past due; (iii) make, enforce, modify, and accept the surrender of leases assigned by the Assignment (the "Leases"); fix or modify rents, to do all things required of or permitted to the Plaintiff under the Leases in its own name; and (iv) sue for or otherwise collect and receive all rents, issues subsidies, charges, profits and all sums due under contracts, including those past due and unpaid, and apply the same, as permitted by the Assignment; and (v) take such other and further actions permitted to it, or to a mortgagee-in-possession pursuant to the Mortgages, the Assignment at law or in equity; and

IT IS FURTHER STIPULATED AND AGREED that the Receiver shall forthwith deliver or cause to be delivered to Plaintiff: (i) all tenant rent security deposits for the Premises, (ii) all existing Leases, rent schedules, rent rolls, and a list of all tenants and occupants including their names, apartment numbers, monthly rental amount, amount of security deposit, social security numbers and an itemized list of all rent arrears due from any and all tenants and/or occupants of the Premises; (iii) all keys, access codes and/or access cards to the Premises; (iv) all utility and service contracts for the Premises,

including without limitation any and all contracts for the electric gas, cable and telephone services and any other utilities, waste removal, superintendents, porters, management and/or repair and upkeep of the Premises; (v) all contracts for delivery of income and rent with respect to the Premises and/or tenants and/or occupants thereof; (vi) copies of all DHCR filings for the Premises in the Receiver's possession; (vii) all insurance policies with respect to the Premises including without limitation insurance policies for liability and property coverage; and (viii) all other documentation and information in the Receiver's possession necessary to the proper operation and maintenance of the Premises,

IT IS FURTHER STIPULATED AND AGREED that the Receiver shall if requested by Plaintiff issue a notice to all tenants, governmental and non-governmental agencies or as other persons or entities as requested by Plaintiff, advising such persons of the termination of the Receivership and that Plaintiff has become the mortgagee-in-possession and otherwise succeeded to the Receiver's interests, rights and obligations in the Premises including but not limited to the right to collect rents, and that the Receiver shall the continue to cooperate with Plaintiff after the effective date of this Stipulation as reasonably required for the proper operation and maintenance of the Premises,

IT IS FURTHER STIPULATED AND AGREED that (i) the Receiver shall forthwith deliver or cause to be delivered to the Plaintiff a list of all litigation in which it is engaged; (ii) the Plaintiff shall replace the Receiver as the real party in interest in connection with all such litigation and (iii) Receiver shall cooperate to affect such party and/or attorney substitutions as are appropriate and are requested by Plaintiff in all such litigations; and

IT IS FURTHER STIPULATED AND AGREED that within 30 days after the effective date on which the Receivership terminates, the Receiver shall submit a final account to the Plaintiff and upon its execution of a further stipulation consenting to the Receiver's

3

account, the account and the stipulation shall be submitted to the Court for its approval and

IT IS FURTHER STIPULATED AND AGREED that in the event that the Plaintiff does not consent to the Receiver's account within ten (10) days after the submission of the account to them, the Receiver shall move the Court on notice to the Plaintiff to settle his final account; and

IT IS FURTHER STIPULATED AND AGREED that after payment by the Receiver of any commissions, fees, expenses, disbursements or unpaid bills that the Court may authorize in connection with its final account, the Receiver shall forthwith pay any surplus monies remaining in his Receivership account to the Plaintiff; and

IT IS FURTHER STIPULATED AND AGREED that upon approval of the Receiver's final account by the Court and upon the Receiver making any payments authorized therein (the "Authorized Payments"), the Receiver and his surety shall be discharged from their respective obligations and the surety bond shall be deemed cancelled; and



IT IS FURTHER STIPULATED AND AGREED that this Stipulation may be executed in counterparts, all of which, when taken together shall be deemed one original. Signatures transmitted electronically shall be deemed to be original.

Dated: New York, New York
April 26, 2011

By: _____
Ricardo E. Oquendo, Esq.
The Chanin Building
380 Lexington Avenue
Suite 1775
New York, NY 10168
212-551-7904
*Special Counsel to Plaintiff*

By: _____
Lawrence A. Mandelker, Esq.
KANTOR DAVIDOFF WOLFE
MANDELKER TWOMEY &
GALLANTY, P.C.
51 East 42nd Street
New York, NY 10017
212-682-8383
*Attorneys for Receiver*

By: _____
Harry Zubli, Esq.
1010 Northern Blvd., Suite 310
Great Neck, NY 11021
ph: 516-487-5777
*Attorney for Plaintiff*

So Ordered this _29_ day of _APRIL_ 2011:

_____
Betty Owen Stinson, JSC

BETTY OWEN STINSON
JUSTICE

# EXHIBIT "I"

EXHIBIT "I"

```
                    ALBERT SONTAG, RECEIVER
                    2562 BRIGGS AVE.
                    BRONX, NY 10458
                       718-367-6004


                                        PERIOD ENDING: 12/31/09


STATEMENT OF ACCOUNT:

    BLD'S: 75 THRU 82



    * * * * *           * * * * *           * * * * *           * * * * *


                                    MONTH    YEAR-TO-DATE
                                    =====    ============

        CASH RECEIPTS:            34,904.71      34,904.71  ⎫
                                                            ⎬
        DISBURSEMENTS :               0.00           0.00   ⎰
                                 ------------   ------------
*** NET CASH FLOW:                34,904.71      34,904.71  ⎰

        OPENING CASH-ON-HAND:         0.00           0.00
                                                ------------
        CLOSING CASH-ON-HAND:                    34,904.71



    * * * * *           * * * * *           * * * * *           * * * * *
```

PERIOD ENDING: 12/31/10

STATEMENT OF ACCOUNT:

BLD'S: 75 THRU 82

```
   *****           *****              *****            *****

                               MONTH    YEAR-TO-DATE
                               =====    ============

        CASH RECEIPTS:       411,867.91   2,943,095.14

        DISBURSEMENTS :      458,926.21   2,917,844.32
                            ------------   ------------
*** NET CASH FLOW:            47,058.30-     25,250.82

        OPENING CASH-ON-HAND: 107,213.83     34,904.71
                                          ------------
        CLOSING CASH-ON-HAND:               60,155.53


   *****           *****              *****            *****
```

ALBERT SONTAG, RECEIVER
2562 BRIGGS AVE.
BRONX, NY 10458
718-367-6004

PERIOD ENDING: 04/29/11

STATEMENT OF ACCOUNT:

BLD'S: 75 THRU 82   & Buildings

maidman

\* \* \* \* \*      \* \* \* \* \*        \* \* \* \* \*        \* \* \* \* \*

|  | MONTH | YEAR-TO-DATE |
|---|---|---|
| CASH RECEIPTS: | 224,942.71 | 1,201,521.31 |
| DISBURSEMENTS : | 302,129.37 | 1,357,399.23 |
| *** NET CASH FLOW: | 77,186.66- | 155,877.92- |
| OPENING CASH-ON-HAND: | 18,535.74- | 60,155.53 |
| CLOSING CASH-ON-HAND: |  | 95,722.40- |

\* \* \* \* \*      \* \* \* \* \*        \* \* \* \* \*        \* \* \* \* \*

# EXHIBIT "J"

EXHIBIT "J"

Please See Remittance Advice for Detail
Cust/Acct Number: 037387

THIS DOCUMENT CONTAINS ULTRAVIOLET FIBERS, A VOID STAIN FEATURE, A MICROPRINT BORDER ON THE FACE, AND A WATERMARK ON THE BACK

**Hub International Northeast Limited**
1065 Avenue of the Americas
New York, New York 10018

Bank of America, N.A.
Chicago, Illinois

70-2326
719

CHECK NO.

35149

CHECK DATE

12-SEP-2011

AMOUNT

$55,426.97

PAY  *** FIFTY FIVE THOUSAND FOUR HUNDRED TWENTY SIX and 97/100 DOLLARS ***

TRUST ACCOUNT
VOID AFTER 180 DAYS

TO THE
ORDER
OF:

Albert Sontag
2307 Eastchester Road
Bronx NY 10469

⑈000003 5 1 4 9⑈ ⑆0 7 1 9 2 3 2 8 4⑆ ⑈8 7 6 5 0 1 7 2 5 7⑈

```
CD ACT#  DESCRIPTION   CASH-MTD      CASH-FYTD    BUD/LYR  %-YR %+-
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
** INCOME **

           TENANT INCOME
 1 3010 RENTAL INCOM        0.00  1,359,823.59
 2 3020 MAINTENANCE         0.00          0.00
 3 3030 TAXES               0.00          0.00
 4 3040 LEGAL CHARGE        0.00      6,450.00
 5 3050 PARKING             0.00          0.00
 6 3060 MISCELL.            0.00        217.99
        * SUBTOTAL:         0.00  1,366,491.58
           BUILDING INCOME
 8 3080 SEC-8 SUB.          0.00     22,840.43
 9 3090 ADV BY L L          0.00    255,166.23
10 3100 ESCROW RETRN        0.00          0.00
11 3110 INS PROCEEDS   55,426.97     55,426.97    <—
12 3120 TAX REFUND          0.00          0.00
13 3130 LOAN/RETURN         0.00          0.00
14 3140 TRANSFER            0.00          0.00
15 3150 MISC.               0.00          0.00
16   16 SECURITIES          0.00     17,851.50
        * SUBTOTAL:    55,426.97    351,285.13

** TOTAL INCOME **:   55,426.97  1,717,776.71
```

September 20, 2011

<u>Open Bills for:</u>
735 Bryant Avenue, 1221-1225 Sheridan Avenue, 2265-2271 Morris Avenue, 2345 Crotona Avenue, 2350 Creston Avenue and 3212 Cruger Avenue

| | | |
|---|---|---:|
| Payroll made in May for week ending 4/29 | | $2,989.00 |
| | Paid 9/20/11 | (426.86) |
| | | 2,562.89 |
| A.Goldner (Plumber) | | 2,057.74 |
| | Paid 9/15/11 | (2,057.74) |
| | | 0.00 |
| Allied Interstate (Health Dept. Fine) | | 1,380.00 |
| Atlas Welding (Boiler Repairs) | | 3,652.76 |
| C&H (Plumbing) | | 1,406.00 |
| | Paid 9/15/11 | (1,406.00) |
| | | 0.00 |
| Citiwide (Intercom) | | 630.39 |
| | Paid 9/15/11 | ( 630.39) |
| | | 0.00 |
| County Oil | | 148,839.51 |
| | Paid 9/15/11 | ( 43,885.60) |
| | | 104,953.44 |
| Con Edison | | 322.06 |
| CS Brown (Supplies) | | 12,308.37 |
| | Paid 9/15/11 | ( 1,386.93) |
| | | 10,921.44 |
| Chappie Prince (Painter) | | 1,340.00 |

| | | |
|---|---|---|
| Data Waterproofing | | 4,725.00 |
| | Paid 9/15/11 | ( 925.00) |
| | | 3,800.00 |
| | | |
| Dept. Homeless Services (Return Rent) | | 1,020.00 |
| | | |
| Excellent Boiler (Repair) | | 283.08 |
| | Paid 9/15/11 | ( 283.08) |
| | | 0.00 |
| | | |
| G.Bauer (Boiler Repair) | | 3,032.18 |
| Global Pest Control | | 686.09 |
| | | |
| Gotham Wiring (Electrician) | | 225.37 |
| | Paid 9/15/11 | ( 225.37) |
| | | 0.00 |
| | | |
| H Classic Floors | | 1,600.00 |
| Jose Gomez (Carpenter) | | 7,375.00 |
| Jorge Torres (Refrigerators) | | 65.00 |
| | | |
| Laird Construction | | 3,600.00 |
| | Paid 9/15/11 | ( 3,600.00) |
| | | 0.00 |
| | | |
| Mariano Contreras (Welder) | | 1,050.00 |
| Mark Hertz Co. (Professional) | | 400.00 |
| Mister Refinishing (Bathtub Glaze) | | 1,050.00 |
| Novick & Edelstein (Legal Fees) | | 8,146.15 |
| | | |
| NY Excel Door | | 600.00 |
| | Paid 9/15/11 | ( 600.00) |
| | | 0.00 |
| | | |
| Webster Locksmith | | 1,650.66 |
| | | |
| Grand Total | | 210,934.36 |
| | | ( 55,426.97) |
| | | $155,507.39 |

| CHECK# | CHK-DATE | VENDOR | TOT-AMOUNT | INV-DATE | PO/INV/ACT-DESC. | ITEM-AMT | CD:DESC. | BLD/ACT#:ADDRESS |
|---|---|---|---|---|---|---|---|---|
| 750992 | 9/15/11 | 26:C.S.BROWN CO.INC. | | 4/29/11 | 777923 | 265.44 | 43:SUPPLIES | 75 :2271 MORRIS AVE. |
| 750998 | 9/15/11 | 35:COUNTY OIL CO.INC | | 4/21/11 | 193389 | 3,753.21 | 35:FUEL | |
| 750999 | 9/20/11 | 437:ALL CITY, PAYROLL AC | | 9/20/11 | A/C | 426.86 | 38:PAYROLL | |
| | | ** TOTAL NO. RECORDS: 3 | | | * TOTAL-ITEMS: | 4,445.51 | | |
| 750992 | 9/15/11 | 26:C.S.BROWN CO.INC. | | 4/29/11 | 777922 | 471.58 | 43:SUPPLIES | 76 :2265 MORRIS AVE. |
| 750993 | 9/15/11 | 25:DATA WATERPROOFING I | | 4/09/11 | 1B81-BUCKLEHEAD | 925.00 | 67:ROOFING | |
| | | ** TOTAL NO. RECORDS: 2 | | | * TOTAL-ITEMS: | 1,396.58 | | |
| 750991 | 9/15/11 | 78:C H GENERAL MAINTENA | | 4/30/11 | BSMT | 1,406.00 | 65:PLUMBING | 77 :2350 CRESTON AVE. |
| 750994 | 9/15/11 | 472:EXCELLENT BOILER SER | | 4/27/11 | 9361 | 283.08 | 53:BOILER RE | |
| 750997 | 9/15/11 | 432:NY EXCEL FIRE DOOR I | | 4/30/11 | 1184-ROOF DOOR | 600.00 | 55:CARPENTRY | |
| | | ** TOTAL NO. RECORDS: 3 | | | * TOTAL-ITEMS: | 2,289.08 | | |
| 750989 | 9/15/11 | 398:A.GOLDNER,INC. | | 4/22/11 | 13538-4E GASLINE | 2,057.74 | 65:PLUMBING | 78/ 45:735 BRYANT AVE. |
| 750996 | 9/15/11 | 63:DWIGHT LAIRD | | 4/19/11 | 3B BATHROOM | 3,600.00 | 94:RENOVATIO | 78/ 20: |
| | | ** TOTAL NO. RECORDS: 2 | | | * TOTAL-ITEMS: | 5,657.74 | | |
| 750995 | 9/15/11 | 443:GOTHAM WIRING,INC. | | 4/15/11 | 3369-LOBBY LIGHT | 225.37 | 58:ELECTRICA | 79 :2345 CROTONA AVE. |
| | | ** TOTAL NO. RECORDS: 1 | | | * TOTAL-ITEMS: | 225.37 | | |
| 750990 | 9/15/11 | 467:CITYWIDE COMMUNICATI | | 4/12/11 | 140015-4A | 299.95 | 72:INTRCOM/A | 80/ 27:3212 CRUGER AVE. |
| | | | | 3/07/11 | 140036-3E | 330.44 | 72:INTRCOM/A | 80/ 26: |
| 750992 | 9/15/11 | 26:C.S.BROWN CO.INC. | | 4/29/11 | 777931 | 649.91 | 43:SUPPLIES | |
| | | ** TOTAL NO. RECORDS: 3 | | | * TOTAL-ITEMS: | 1,280.30 | | |
| 750998 | 9/15/11 | 35:COUNTY OIL CO.INC | | 3/09/11 | 191435 | 9,765.53 | 35:FUEL | 81 :1221 SHERIDAN AVE |
| | | | | 4/01/11 | 192604 | 9,522.74 | 35:FUEL | |
| | | ** TOTAL NO. RECORDS: 2 | | | * TOTAL-ITEMS: | 19,288.27 | | |
| | | | | 3/08/11 | 191363 | 3,107.20 | 35:FUEL | 82 :1225 SHERIDAN AVE |
| | | | | 3/17/11 | 191821 | 5,269.63 | 35:FUEL | |
| | | | | 4/01/11 | 192625 | 3,170.63 | 35:FUEL | |
| | | | | 4/06/11 | 192809 | 4,869.91 | 35:FUEL | |
| | | | | 4/21/11 | 193413 | 4,426.75 | 35:FUEL | |
| | | ** TOTAL NO. RECORDS: 5 | | | * TOTAL-ITEMS: | 20,844.12 | | |

    ** GRAND TOTALS: 21                      * TOTAL-ITEMS:    55,426.97

| CD ACT# | DESCRIPTION | CASH-MTD | CASH-FYTD | BUD/LYR | %-YR %+- |
|---|---|---|---|---|---|

** DISBURSEMENTS **

|  | GENERAL |  |  |  |  |
|---|---|---|---|---|---|
| 17 | 1ST MTG. P&I | 0.00 | 0.00 | | |
| 18 | 2ND MTG | 0.00 | 0.00 | | |
| 19 | TRANSFER | 0.00 | 0.00 | | |
| 20 | ESCROW | 0.00 | 0.00 | | |
| 21 | LOAN/RETURN | 0.00 | 0.00 | | |
| 22 | DISTR/DRAW | 0.00 | 0.00 | | |
| 23 | AUTO -TRAVEL | 0.00 | 0.00 | | |
| 24 | MISCELL. | 0.00 | 0.00 | | |
|  | * SUBTOTAL: | 0.00 | 0.00 | | |
|  | ADMIN |  |  |  |  |
| 25 | ACCOUNTING | 0.00 | 800.00 | | |
| 26 | SECURITY ACT | 0.00 | 0.00 | | |
| 27 | LEGAL | 0.00 | 44,586.38 | | |
| 28 | MANAGEMENT | 0.00 | 84,109.13 | | |
| 29 | PAYROLL PREP | 0.00 | 0.00 | | |
| 30 | PROFESSIONAL | 0.00 | 141,223.00 | | |
| 31 | TELEPHONE | 0.00 | 0.00 | | |
| 32 | MEDICAL | 0.00 | 0.00 | | |
| 33 | ADMIN. MISC. | 0.00 | 200.83 | | |
|  | * SUBTOTAL: | 0.00 | 270,919.34 | | |
|  | OPERATION |  |  |  |  |
| 34 | EXTERMINATNG | 0.00 | 5,364.58 | | |
| 35 | FUEL | 43,885.60 | 308,006.01 | | |
| 36 | GAS/ELEC | 0.00 | 15,660.04 | | |
| 37 | INSURANCE | 0.00 | 2,498.00 | | |
| 38 | PAYROLL | 426.86 | 51,436.63 | | |
| 39 | PERMIT/LIC | 0.00 | 3,506.00 | | |
| 40 | REIMB TENANT | 0.00 | 0.00 | | |
| 41 | RUBBISH REMV | 0.00 | 8,718.10 | | |
| 42 | RENTS | 0.00 | 460,828.46 | | |
| 43 | SUPPLIES | 1,386.93 | 38,319.06 | | |
| 44 | UNION COSTS | 0.00 | 0.00 | | |
| 45 | VIOLATION | 0.00 | 0.00 | | |
| 46 | OPER.MISC. | 0.00 | 0.00 | | |
|  | * SUBTOTAL: | 45,699.39 | 894,336.88 | | |
|  | RENTAL |  |  |  |  |
| 47 | ADVERTISING | 0.00 | 0.00 | | |
| 48 | CREDIT REPRT | 0.00 | 0.00 | | |
| 49 | RENTING COMM | 0.00 | 0.00 | | |
| 50 | RENT REFUND | 0.00 | 0.00 | | |
| 51 | BANK CHARGES | 0.00 | 0.00 | | |
|  | * SUBTOTAL: | 0.00 | 0.00 | | |
|  | REPAIR/MAINT |  |  |  |  |
| 52 | APPL REPAIR | 0.00 | 5,245.00 | | |
| 53 | BOILER REPR | 283.08 | 23,172.25 | | |
| 54 | BURNER REPR | 0.00 | 10,466.68 | | |
| 55 | CARPENTRY | 600.00 | 20,175.00 | | |
| 56 | CEMENT/BRICK | 0.00 | 23,160.00 | | |

| CD | ACT# | DESCRIPTION | CASH-MTD | CASH-FYTD | BUD/LYR | %-YR | %+- |
|----|------|-------------|----------|-----------|---------|------|-----|
| 57 | | COMPCT/SPRIN | 0.00 | 0.00 | | | |
| 58 | | ELECTRICAL | 225.37 | 13,472.32 | | | |
| 59 | | ELEVATOR | 0.00 | 0.00 | | | |
| 60 | | FIRE RESTORE | 0.00 | 0.00 | | | |
| 61 | | WINDOW/GLASS | 0.00 | 7,839.74 | | | |
| 62 | | IRON WORKS | 0.00 | 1,325.00 | | | |
| 63 | | PAINTING | 0.00 | 58,894.00 | | | |
| 64 | | PLASTER/TILE | 0.00 | 16,951.00 | | | |
| 65 | | PLUMBING | 3,463.74 | 58,064.47 | | | |
| 66 | | REPAIRS | 0.00 | 0.00 | | | |
| 67 | | ROOFING | 925.00 | 24,200.00 | | | |
| 68 | | WATERPROOFNG | 0.00 | 5,750.00 | | | |
| 69 | | PAINT PUB PT | 0.00 | 3,285.00 | | | |
| 70 | | LOCKSMITH | 0.00 | 470.61 | | | |
| 71 | | WINDOW GUARD | 0.00 | 150.00 | | | |
| 72 | | INTRCOM/ALRM | 630.39 | 2,034.63 | | | |
| 73 | | LEAD/ASB/OIL | 0.00 | 22,100.00 | | | |
| 74 | | GARDENING | 0.00 | 0.00 | | | |
| 75 | | GEN CONTRACT | 0.00 | 4,900.00 | | | |
| 76 | | FLOORS | 0.00 | 46,625.00 | | | |
| | | * SUBTOTAL: | 6,127.58 | 348,280.70 | | | |
| | | TAXES | | | | | |
| 77 | | R.E. TAXES | 0.00 | 89,857.74 | | | |
| 78 | | WATER/SEWER | 0.00 | 0.00 | | | |
| 79 | | MISC LIENS | 0.00 | 0.00 | | | |
| 80 | | CORP.TAX | 0.00 | 0.00 | | | |
| 81 | | FED P/R TAX | 0.00 | 0.00 | | | |
| 82 | | FED UNEMPL. | 0.00 | 0.00 | | | |
| 83 | | S&C WITHOLD' | 0.00 | 0.00 | | | |
| 84 | | | 0.00 | 0.00 | | | |
| 85 | | NYS U I | 0.00 | 0.00 | | | |
| 86 | | WORKMN-DBL | 0.00 | 3,101.20 | | | |
| 87 | | WATER METER | 0.00 | 0.00 | | | |
| 88 | | MISC TAX | 0.00 | 0.00 | | | |
| | | * SUBTOTAL: | 0.00 | 92,958.94 | | | |
| | | CAPITOL IMPR | | | | | |
| 89 | | APT APPLIANC | 0.00 | 10,284.62 | | | |
| 90 | | BURNER/BOILR | 0.00 | 0.00 | | | |
| 91 | | ROOF | 0.00 | 0.00 | | | |
| 92 | | ADQT.WIRING | 0.00 | 3,450.00 | | | |
| 93 | | ELEVATOR | 0.00 | 0.00 | | | |
| 94 | | RENOVATION | 3,600.00 | 76,350.00 | | | |
| | | * SUBTOTAL: | 3,600.00 | 90,084.62 | | | |
| | | SEC.INT. | | | | | |
| 95 | 95 | SEC.INT. | 0.00 | 0.00 | | | |
| 96 | 96 | TNT.SECURITY | 0.00 | 65,785.08 | | | |
| | | * SUBTOTAL: | 0.00 | 65,785.08 | | | |
| | | ** TOT DISBURS **: | 55,426.97 | 1,762,365.56 | | | |
| | | *** NET CASH FLOW: | 0.00 | 44,588.85- | | | |