# United States Bankruptcy Court
## Southern District of New York

In re
2271 Associates, Inc.,
2345 Associates, Inc.,
2350 Associates, Inc.,
3212 Associates, Inc.,
735 Associates, Inc.,
Pipedreams Realty II Corp.,
Pipedreams Realty IV Corp.,
Pipedreams Realty V Corp.,

Bankruptcy
Case No. 11-23351 (RDD)

Debtor(s)

Bronx VIII, LLC,

Plaintiff(s)
NY Affordable Housing Bronx VIII Associates LLC,
Chaymin Kirschenbaum, David Kramer,
Mark J. Schwartz, Mark Sarfati,
Mark Bassani, Frank Palazzolo,
F&M Funding LLC,
2271 Associates, Inc.,
2345 Associates, Inc.,
2350 Associates, Inc.,
3212 Associates, Inc.,
735 Associates, Inc.,
Pipedreams Realty II Corp.,
Pipedreams Realty IV Corp.,
Pipedreams Realty V Corp.,

Adversary
Proceeding No.

Defendant(s)

## SUMMONS AND NOTICE OF PRETRIAL CONFERENCE
## IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to submit a motion or answer to the complaint which is attached to this summons to the clerk of the bankruptcy court within 30 days after the date of issuance of this summons, except that the United States and its offices and agencies shall submit a motion or answer to the complaint within 35 days, to:

United States Bankruptcy Court, Southern District of New York
300 Quarropas Street, 2nd Floor
White Plains, New York 10601

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

Name and Address of Plaintiff's Attorney:
Sherman, Citron & Karasik, P.C.
70 East 55th Street
New York, New York 10022-3222
Attn: Howard Karasik, Esq.

If you make a motion, your time to answer is governed by Bankruptcy Rule 7012.

YOU ARE NOTIFIED that a pretrial conference of the proceeding commenced by the filing of the complaint will be held at the following time and place:

| United States Bankruptcy Court<br>Southern District of New York<br>300 Quarropas Street, 2nd Floor<br>White Plains , NY 10601 | Room: 108 |
| --- | --- |
| | Date and Time: |

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

/s/

*Clerk of the Bankruptcy Court*

By: /s/

_____
*Date*

*Deputy Clerk*

# CERTIFICATE OF SERVICE

I, _____, certify that I am, and at all times during the service
           (name)
of process was, not less than 18 years of age and not a party to the matter concerning which service of process was made. I further certify that the service of this summons and a copy of the complaint was made
_____ by:
      (date)

☐ Mail service: Regular, first class United States mail, postage fully prepaid, addressed to:

☐ Personal Service: By leaving the process with defendant or with an officer or agent of defendant at:

☐ Residence Service: By leaving the process with the following adult at:

☐ Publication: The defendant was served as follows: [Describe briefly]

☐ State Law: The defendant was served pursuant to the laws of the State of _____
as follows: [Describe briefly]                                          (name of state)

Under penalty of perjury, I declare that the foregoing is true and correct.

_____      /s/ _____
         *Date*                                                                                  *Signature*

| *Print Name* |   |   |
|---|---|---|
| *Business Address* |   |   |
| *City* | *State* | *Zip* |

## NOTICE OF ELECTRONIC FILING PROCEDURE

Case Name:   2271 Associates, Inc., et. al.

Case Number: 11-23351 through 11-23388          Date Filed:


This adversary proceeding is docketed exclusively on the Court's Electronic Case Filing System. The system can be accessed via the Internet utilizing an attorney password. In compliance with Federal Rule of Civil Procedure Rule 11 and in accordance with Local Bankruptcy Rule 9011-1, the attorney's password shall constitute the signature of the attorney. An original signed copy of the filing shall be maintained in the attorney's files. A chamber's copy of all filed documents is required and all parties with legal representation must file documents in accordance with the following:

1.  The requirements for filing, viewing and retrieving case documents are: A personal computer running a standard platform such as Windows, Windows 95 or Macintosh; an Internet provider, Netscape Navigator software version 3.0 or higher and Adobe Exchange software to convert documents from a word processor format to a portable document format (PDF). The URL address is www.nysb.uscourts.gov and a password is needed to file documents on the system. If you are unable to comply with this requirement, then

2.  You must submit documents on a diskette using PDF format. Adobe software provides this format. Further instruction may be found in Adobe's manual. Use a separate diskette for each filing. Submit the diskette in an envelope with the case name, case number, type and title of document, and the file name on the outside of the envelope. If you are unable to comply with this requirement, or requirement number 1, then

3.  You must submit your documents on a diskette using one of the following formats: Word, WordPerfect, or DOS text (ASCII). If you are unable to comply with this requirement, or requirements 1 or 2, then

4.  You must submit an affidavit of your inability to file in either of the above formats. You may then file conventionally on unstapled, unbound, single-sided paper. **Include your affidavit with each filing.**

Guidelines for filing an adversary proceeding online and Step by Step Guides may be found on the court's home page at www.nysb.uscourts.gov and can be accessed without a password.

For assistance, call (212) 668-2870 ext. 3522 or ext. 3920. To schedule training, call ext. 3580, Monday - Friday, 8:30 a.m. - 5:00 p.m. New York time.

Howard Karasik (HK/8602)
*Attorney for Bronx VIII, LLC*
Sherman, Citron & Karasik, P.C.
70 East 55th Street
New York, New York 10022
(212) 455-0450

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In Re:

    2271 Associates, Inc., et. al.

                 Debtors.

Case Nos.: 11-23351
through 11-23358 (RDD)

(Chapter 11)

-----------------------------------------------------------X
Bronx VIII, LLC,

                 Plaintiff,

    -against-

NY Affordable Housing Bronx VIII Associates LLC,
Chayim Kirschenbaum,
David Kramer,
Mark J. Schwartz,
Mark Sarfati, Mark Bassani,
Frank Palazzolo,
F & M Funding LLC,
2271 Associates, Inc.,
2345 Associates, Inc.,
2350 Associates, Inc.,
3212 Associates, Inc.,
735 Associates, Inc.,
Pipedreams Realty II Corp.,
Pipedreams Realty IV Corp.,
Pipedreams Realty V Corp.,

                 Defendants.
-----------------------------------------------------------X

**COMPLAINT**

Case No.:

Plaintiff, Bronx VIII, LLC ("Bronx VIII"), by its attorneys, Sherman Citron & Karasik, P.C., for its complaint against NY Affordable Housing Bronx VIII Associates LLC, ("NYA"), Chayim Kirschenbaum, ("Kirschenbaum"), David Kramer, ("Kramer"), Mark J. Schwartz,

("Schwartz"), Mark Sarfati, ("Sarfati"), Mark Bassani, ("Bassani"), Frank Palazzolo ("Palazzolo"), F & M Funding LLC ("F&M"), the following Chapter 11 debtors ("Debtors"): 2271 Associates, Inc., ("2271"), 2345 Associates, Inc., ("2345"), 2350 Associates, Inc., ("2350"), 3212 Associates, Inc., ("3212"), 735 Associates, Inc., ("735"), Pipedreams Realty II Corp., ("PR II"), Pipedreams Realty IV Corp., ("PR IV"), Pipedreams Realty V Corp., ("PR V"), alleges:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction under 28 U.S.C. § 1334(b) inasmuch as this action arises in and is related to the Debtors' Chapter 11 cases referenced in the caption of this Complaint under title 11 of the United State Code (the "Bankruptcy Code"),

2.  Venue is proper in this Judicial District pursuant to 28 U.S.C § 1409(a).

3.  Plaintiff states, pursuant to Bankruptcy Rule 7008, that this proceeding is a core proceeding.

### The Parties

4.  Bronx VIII is a New York limited liability company with offices and place of business in the City and State of New York.

5.  NYA is a New York limited liability company, with offices and a principal place of business in Kings County, State of New York.

6.  NYA is the owner of all of the Debtors' issued and outstanding shares of stock ("Debtors' Shares").

7.  Schwartz, Kirschenbaum and Kramer own all of NYA's membership interests and have offices and a principal place of business in Kings County, State of New York.

8. Sarfati and Bassani have offices in Westchester County, State of New York.

9. Upon information and belief Palazzolo owns and controls F&M and each have the same business address in Westchester County, State of New York.

10. Debtors are Chapter 11 debtors in a procedurally consolidated Chapter 11 case pending in this court in case numbers 11-2335 through 11-23358 ("Debtors' Chapter 11 Cases").

11. No creditors committee has been appointed in any of Debtors' Chapter 11 Cases.

12. Bronx VIII is the single largest creditor of each of the Debtors with a non-recourse secured claim against each in excess of $22 million ("Blanket Mortgages"), and to the extent Bronx VIII is unsecured, its claim against each of the Debtors exceeds the total of all of the other claims against each of the Debtors.

13. Bronx VIII filed the following claims in Debtors' Chapter 11 Cases:

| Debtors | Amount | |
|---------|--------|---|
| 2271 | $22,810,499.15 | (secured $1,400,000.00; unsecured $21,410,199.15) |
| 2345 | $22,810,499.15 | (secured $2,400,000.00; unsecured $20,410,499.15) |
| 2350 | $22,810,499.15 | (secured $3,400,000.00; unsecured $19,410,499.15) |
| 3212 | $22,810,499.15 | (secured $2,000,000.00; unsecured $20,810,499.15) |
| 735 | $22,810,499.15 | (secured $3,000,000.00; unsecured $19,810,499.15) |
| PR II | $22,810,499.15 | (secured $1,800,000.00; unsecured $21,810,499.15) |
| PR IV | $22,810,499.15 | (secured $2,900,000.00; unsecured $19,910,499.15) |
| PR V | $22,810,499.15 | (secured $3,600,000.00; unsecured $19,210,499.15) |

14. Bronx VIII is the mortgagee-in-possession of, and manages each Debtors' real property, and has been providing the cash collateral necessary to do so.

15. Upon information and belief, Palazzolo was formed and the original owner of the Debtors' Shares.

16. Upon information and belief Palazzolo transferred "nominal" ownership of Debtors' Shares to Sarfati and Bassani, who, as "sellers," and acting upon behalf of Palazzolo, sold all of the Debtors' Shares to NYA pursuant to the Stock Purchase Agreement ("Stock Purchase Agreement") annexed hereto as Exhibit "1" for the purchase price ("Purchase Price") of $22,040,000.00. At such time, Sarfati and Bassani purported to own all of Debtors' Shares and were the Debtors' nominal officers and directors.

17. Pursuant to the Stock Purchase Agreement Sarfati and Bassani, and upon information and belief, on behalf of Palazzolo and/or F&M, purported to lend and NYA purported to borrow the sum of $4,000,000.00 (the "Loan") from Sarfati and Bassani.

18. Pursuant to a letter agreement dated June 1, 2008, F&M purported to lend and NYA purported to borrow the sum of $1,000,000.00 to be used to purchase the Debtors' Shares (the "Additional Loan"). Upon information and belief, at the closing ("Closing") of the Stock Purchase Agreement, NYA executed and delivered a promissory note in the amount of the Additional Loan and a confession of judgment from both Schwartz and Kirschenbaum.

19. Upon information and belief, NYA assumed the debt associated with the mortgages on the Debtors' real property in the total principal amount of $16,040,000.00 ("NYA Assumed Debt") at the Closing.

20. Upon information and belief, the cash portion of the Purchase Price in the sum of $2,000,000.00 was paid at Closing by NYA as follows: $1,000,000.00 to Sarfati and Bassani and $1,000,000.00 to Palazzolo.

21. Upon the Closing, NYA became sole owner of the Debtors' Shares and Kirschenbaum became Debtors' President and executed all closing documents required of the Debtors by the Stock Purchase Agreement on behalf of the Debtors.

22. The Statement of Financial Affairs annexed to Debtors' bankruptcy schedules ("Bankruptcy Schedules") references Kirschenbaum, Kramer and Schwartz as

Debtors' directors in response to Question 21, and upon information and belief, Kirschenbaum, Kramer and Schwartz are Debtors' de facto Directors.

## Summary of this Action

23.  This action arises in connection with Debtors' Chapter 11 Cases and Debtors' Joint Plan of Reorganization dated October 5, 2011 ("Debtors' Plan").

24.  Each Debtor's Bankruptcy Schedule schedules the following indebtedness in the total sum of $4,000,000.00 to F&M ("F&M Claims") as an undisputed Schedule F Unsecured Non Priority Claim.

| Debtor | F&M Claim |
|---|---|
| 2271 | $ 323,500.00 |
| 2345 | $ 425,700.00 |
| 2350 | $ 541,800.00 |
| 3212 | $ 348,300.00 |
| 735 | $ 632,100.00 |
| PR II | $ 335,400.00 |
| PR IV | $ 696,600.00 |
| PR V | $ 696,600.00 |
| TOTAL | $4,000,000.00 |

The total amount due on the Loan and the F&M Claims is the same sum of $4,000,000.00.

25.  NYA's Assumed Debt is reflected in Schedule D of each Debtors' Bankruptcy Schedule as a mortgage due to Bronx VIII.

26.  Debtors' Plan classifies the F&M Claims as Class 4 Claims, to be treated as follows:

> "Each claimant shall have the option of (a) exchanging the amount of its debt for its pro-rata share of the equity in the Debtor (i.e. if a Claimant holds 90% of Class 4 Claims, such Claimant shall be entitled to 90% of the Debtors' equity), or (b) 25% of the allowed amount of each Claim shall be paid in cash on the Effective Date, 25% shall be paid on the 6 month anniversary of the

Effective Date, 25% shall be paid on the 1 year anniversary of the Effective Date, and 25% shall be paid on the 18 month anniversary of the Effective Date. The amount due shall accrue interest at the Legal Rate from the Petition Date through the final payment. Each Class 4 Claimant that exercises its right to exchange its debt for equity shall be required to contribute its pro-rata share of the amounts necessary to satisfy Class 1 Claims, Class 3 Claims and Administration claims under the Plan on the Effective Date."

27. Debtors' Plan classifies Bronx VIII's claims as Class 2 First Mortgage "Blanket Mortgage Judgments" in the sum of $22,810,499.00 against each of the Debtors.

28. Pursuant to the Stock Purchase Agreement the following "credits" against the Purchase Price and the Loan were set for each of the Debtor's Shares as Debtors' Purchase Money Debts ("Purchase Money Debts") as follows:

| Debtor | Purchase Money Debt "Credited" Against Each Debtor Price |
|---|---|
| 2271 | $ 323,500.00 |
| 2345 | $ 425,700.00 |
| 2350 | $ 541,800.00 |
| 3212 | $ 348,300.00 |
| 735 | $ 632,100.00 |
| PR II | $ 335,400.00 |
| PR IV | $ 696,600.00 |
| PR V | $ 696,600.00 |
| TOTAL | $4,000,000.00 |

The total amount due on the Loan, the "credits" against the Purchase Money Debts and the F&M Claims is the same sum of $4,000,000.00.

29. As of the date of the Stock Purchase Agreement and upon its consummation, none of the Debtors were indebted to Sarfati, Bassani, Palazzolo or F&M, or any other party in connection with the Purchase Money Debts or the Loan, and the Purchase Money Debts and the Loan were totally fabricated and fictitious.

30. Pursuant to the Stock Purchase Agreement, NYA executed agreements to borrow money from Sarfati and Bassani and issued promissory notes ("Promissory Notes") to Sarfati and Bassani, each in the amount of each Debtor's respective Purchase Money Debt, and issued pledges ("Pledges") of each Debtors' Shares to Sarfati and Bassani in connection with each of the Purchase Money Debts and Promissory Notes; and caused each of the Debtors to execute guarantees ("Guarantees") of NYA's indebtedness to Sarfati and Bassani in connection with each of the Promissory Notes, as well as related confessions of judgment ("Confessions of Judgment") to Sarfati and Bassani in the sum of each Debtors' respective Purchase Money Debt attributed to each in the Stock Purchase Agreement and issued Irrevocable Proxies ("Proxies") to Sarfati and Bassani to vote all of Debtors' Shares. Upon information and belief each of the aforesaid instruments were executed on behalf of F&M and Palazzolo and solely for their benefit.

31. Upon information and belief, and pursuant to a letter agreement dated June 1, 2008, F&M purported to lend and Schwartz and Kirschenbaum purported to borrow the sum of $1,000,000.00 from F&M ("Additional Loan") in connection with which, Schwartz and Kirschenbaum executed a promissory note and confession of judgment for the benefit of F&M and Palazzolo.

32. Upon information and belief, Palazzolo owns and controls F&M and the F&M Claims.

33. The F&M Claims set forth in each of the Debtors' Bankruptcy Schedules are all based upon and derived solely from each Debtor's Purchase Money Debt attributed to each Debtor as referred to in the Stock Purchase Agreement.

34. Sarfati, Bassani, F&M and Palazzolo owed a fiduciary duty to the Debtors as of the date on which the Stock Purchase Agreement was executed and consummated and violated that duty by causing the Debtors to assume liability for the Purchase Money Debts, execute the Guarantees of the Promissory Notes and the related Confessions of Judgment, for all of which the Debtors had no valid pre-existing liability to Sarfati, Bassani, F&M or Palazzolo, and for all of which the Debtors did not receive fair consideration, all at

a time when the Debtors were insolvent, and all to the detriment of all of the Debtors and their creditors, and for the sole benefit of Sarfati, Bassani, F&M, Palazzolo and NYA.

35. By virtue of the Proxies, Palazzolo, F&M, Sarfati and Bassani are "affiliates" and "insiders" of the Debtors as those terms are defined in the Bankruptcy Code and control the Debtors.

36. By virtue of its ownership interest of the Debtors' Shares, NYA is an "insider" of the Debtors as that term is defined in the Bankruptcy Code and nominally controls the Debtors.

37. By virtue of their ownership interest in NYA, and NYA's ownership of the Debtors' Shares, Kirschenbaum, Kramer and Schwartz are "affiliates" and "insiders" of the Debtors as those terms are defined in the Bankruptcy Code and nominally control the Debtors.

38. Kirschenbaum, Kramer and Schwartz each owe a fiduciary duty to the Debtors and violated that duty by causing the Debtors to assume liability for the Purchase Money Debts and the NYA Assumed Debt, and to execute the Guarantees and the Confessions of Judgment, for all of which the Debtors had no valid, pre-existing liability to Sarfati, Bassani, F&M or Palazzolo and for all of which the Debtors did not receive fair consideration, all at a time when the Debtors were insolvent, all to the detriment of the Debtors and their creditors, and for the sole benefit of Sarfati, Bassani, F&M, Palazzolo and NYA, and by causing the Debtors to file the Debtors' Chapter 11 Cases and execute and file the Debtors' Bankruptcy Schedules and the Debtors' Plans for the sole purpose of treating F&M's Claims as general unsecured claims in Debtors' Chapter 11 Cases, whereas in fact, the F&M Claims represent equity interests disguised as general unsecured claims.

39. Sarfati, Bassani, F&M, Palazzolo, NYA, Kirschenbaum, Kramer and Schwartz have misused their position as insiders and affiliates of the Debtors, and control of the Debtors, to the disadvantage of, and unfairness to, Bronx VIII, and to all of the Debtors' other creditors, by executing and consummating the Stock Purchase Agreement and its related Promissory Notes, Guarantees, Pledges, Confessions of Judgment and Proxies, and by creating, acknowledging, and falsifying invalid Purchase Money Debts and F&M Claims and attributing them to the Debtors and by causing the Debtors to file the Debtors' Chapter 11 Cases and execute false and misleading Bankruptcy Schedules which fraudulently acknowledged the validity of the F&M Claims, and by causing the Debtors to execute and file Debtors' Plans for the fraudulent purpose of treating F&M as an undisputed Class 4 unsecured creditor holding the F&M Claims, whereas in fact, the F&M Claims represent equity interests disguised as general unsecured claims.

### First Count

40. Plaintiff repeats and realleges paragraphs "1" through "39" hereof with the same force and effect as if set forth herein.

41. As of the Closing of the Stock Purchase Agreement, none of the Debtors were indebted to Sarfati, Bassani, F&M, or Palazzolo.

42. As of the date on which Debtors' Chapter 11 Cases were filed, the F&M Claims did not constitute valid unsecured claims against any of the Debtors.

43. The F&M Claims should be disallowed in their entirety in the Debtors' Chapter 11 Cases.

### Second Count

44. Plaintiff repeats and realleges paragraphs "1" through "43" hereof with the same force and effect as if set forth herein.

45. The F&M Claims constitute disguised equity interests and should be reclassified as such and subordinated to the claims of all of the Debtors' other creditors, including Bronx VIII's secured and unsecured claims in the Debtors' Chapter 11 Cases.

### Third Count

46. Plaintiff repeats and realleges paragraphs "1" through "45" hereof with the same force and effect as if set forth herein.

47. By virtue of the Proxies, Guarantees, Pledges, and Confessions of Judgment, Sarfati, Bassani, F&M and Palazzolo, dominated and controlled the Debtors and the Debtors became their instrumentalities and alter egos.

48. Sarfati, Bassani, F&M and Palazzolo have misused their domination and control of the Debtors by causing the Debtors to file their Chapter 11 Cases and execute the Guarantees and Confessions of Judgment to the disadvantage of, and unfairness to, Bronx VIII and all of the Debtors' other creditors, and by participating in and orchestrating fraudulent conveyances to themselves by creating fictitious F&M Claims against the Debtors on behalf of Sarfati, Bassani, F&M and Palazzolo for the Purchase Money Debts which constituted disguised equity interests unsupported by fair consideration at a time when the Debtors were insolvent, which F&M Claims should be reclassified as equity interests and subordinated to the claims of all of the Debtors' other creditors, including, Bronx VIII's secured and unsecured claims in the Debtor's Chapter 11 Cases.

49. NYA, Kirschenbaum, Kramer and Schwartz have misused their domination and control of the Debtors by causing the Debtors to file their Chapter 11 Cases and execute the Guarantees and Confessions of Judgment to the disadvantage of, and unfairness to, Bronx VIII and all of the Debtors' other creditors, and by participating in and orchestrating fraudulent conveyances to themselves by creating fictitious F&M Claims against the Debtors to F&M in a fraudulent attempt to satisfy the Purchase Money Debts which constituted disguised equity interests unsupported by fair consideration at a time when the Debtors were insolvent, which F&M Claims should be reclassified as equity interests and subordinated to the claims of all of the Debtors' other creditors, including, Bronx VIII's secured and unsecured claims in the Debtor's Chapter 11 Cases.

## Fourth Count

50. Plaintiff repeats and realleges paragraphs "1" through "49" hereof with the same force and effect as if set forth herein.

51. At the time when the Stock Purchase Agreement was executed and consummated, the Debtors were undercapitalized and insolvent.

52. The Purchase Money Debts and F&M Claims created by Sarfati, Bassani, F&M, NYA, Palazzolo, and by Kirschenbaum, Kramer and Schwartz, created a disproportionately high share of debt funding as a substitution for capital investment.

53. At the time when the Stock Purchase Agreement was executed and consummated, the Debtors were inadequately capitalized and their capitalization was insufficient to support a business the size of the nature of the Debtors' businesses in light of the circumstances existing at such times, through and including the date of the Debtors' Chapter 11 Cases.

54. At the time the Stock Purchase Agreement was executed and consummated, and thereafter at the time of the filing of the Debtors' Chapter 11 Cases, the Debtors could not have borrowed sums equal to the Purchase Money Debts from an informed source.

55. As a result of the foregoing, the Debtors defaulted on Bronx VIII's Blanket Mortgages, resulting in Bronx VIII's Blanket Mortgage Judgment against each of the Debtors and the denudement of the Debtors' assets.

56. Sarfati, Bassani, F&M and Palazzolo have misused their domination and control of the Debtors by causing the Debtors to file their Chapter 11 Cases and execute the Guarantees and Confessions of Judgment to the disadvantage of, and unfairness to, Bronx VIII and all of the Debtors' other creditors, and by participating in and orchestrating fraudulent conveyances to themselves by creating fictitious F&M Claims against the Debtors in a fraudulent attempt to satisfy the Purchase Money Debts which constituted disguised equity interests unsupported by fair consideration at a time when the Debtors were insolvent, which F&M Claims should be reclassified as equity interests and subordinated to the claims of all of the Debtors' other creditors, including, Bronx VIII's secured and unsecured claims in the Debtor's Chapter 11 Cases.

57. NYA, Kirschenbaum, Kramer and Schwartz have misused their domination and control of the Debtors by causing the Debtors to file their Chapter 11 Cases and execute the Guarantees and Confessions of Judgment to the disadvantage of, and unfairness to, Bronx VIII and all of the Debtors' other creditors, and by participating in and orchestrating fraudulent conveyances to themselves by creating fictitious F&M Claims against the Debtors in a fraudulent attempt to satisfy the Purchase Money Debts which constituted disguised equity interests unsupported by fair consideration at a time when the Debtors were insolvent, which F&M Claims should be reclassified as equity interests and subordinated to the claims of all of the Debtors' other creditors, including, Bronx VIII's secured and unsecured claims in the Debtor's Chapter 11 Cases.

### Fifth Count

58. Plaintiff repeats and realleges paragraphs "1" through "57" hereof with the same force and effect as if set forth herein.

59. The Purchase Money Debts and the F&M Claims constitute the issuance of disguised dividends to Sarfati, Bassani, F&M and Palazzolo by the Debtors in violation of BCL § 719.

60. By reason of the foregoing, the F&M Claims should be disallowed in their entirety in the Debtors' Chapter 11 Cases.

### Sixth Count

61. Plaintiff repeats and realleges paragraphs "1" through "60" hereof with the same force and effect as if set forth herein.

62. The Purchase Money Debts and the F&M Claims constitutes fraudulent conveyances from the Debtors to Sarfati, Bassani, F&M, Palazzolo and NYA, and by NYA on behalf of the Debtors Sarfati, Bassani, F&M, Palazzolo and NYA in violation of Debtor and Creditor law §§ 273, 274 and 276.

63. By reason of the foregoing, the F&M Claims should be disallowed in their entirety in the Debtors' Chapter 11 Cases.

**WHEREFORE**, Plaintiff seeks judgment as follows:

a. On the First Count, judgment disallowing the F&M Claims in their entirety in the Debtors' Chapter 11 Cases.
b. On the Second Count, judgment subordinating the F&M Claims under the Debtors' Plans to the claims of all of Debtors' general unsecured creditors, and reclassifying the F&M Claims as equity interests in the Debtors' Chapter 11 Cases and in the Debtors' Plan.
c. On the Third Count, judgment subordinating the F&M claims under the Debtors' Plans to the claims of all of Debtors' general unsecured creditors, and reclassifying the F&M Claims as equity interests in the Debtors' Chapter 11 Cases and in the Debtors' Plan.

d. On the Fourth Count, judgment subordinating the F&M claims under the Debtors' Plans to the claims of all of Debtors' general unsecured creditors, and reclassifying the F&M Claims as equity interests in the Debtors' Chapter 11 Cases and in the Debtors' Plan.

e. On the Fifth Count, judgment disallowing the F&M Claims in their entirety in the Debtors' Chapter 11 Cases.

f. On the Sixth Count, judgment disallowing the F&M Claims in their entirety in the Debtors' Chapter 11 Cases.

together with judgment against NYA, Kirshenbaum, Kramer, Schwartz, Sarfati, Bassani, F&M and Palazzolo for Bronx VIII's legal fees, together with such other and different relief as the Court may appear just and proper.

Dated: New York, New York
October 25, 2011

Sherman, Citron & Karasik, P.C.
*Attorneys for Bronx VIII, LLC*

By: _____
Howard Karasik (HK/8602)
70 East 55th Street
New York, NY 10022
(212) 455-0450